VERNON W. RAYNOR v. MUTUAL OF OMAHA

No. 746SC907

(Filed 5 February 1975)

**Appeal and Error § 6; Rules of Civil Procedure § 54— summary judgment on punitive damages claim only — no right of appeal**

In an action to recover disability benefits and punitive damages for defendant's failure to pay the benefits, order of summary judgment in favor of defendant on the claim for punitive damages was not immediately appealable where the trial court made no determination that there is no just reason for delay. G.S. 1A-1, Rule 54(b).

APPEAL by plaintiff from *Wells, Judge,* 12 August 1974 Civil Session of HALIFAX County Superior Court. Heard in the Court of Appeals on 17 January 1975.

This is a civil action to recover $150.00 per month plus interest from 15 October 1972 under an insurance policy issued by defendant to plaintiff. Plaintiff amended his complaint to allege that he was entitled to punitive damages of $200,000.00 for defendant's refusal to pay the monthly payments.

Defendant moved for summary judgment against plaintiff on the claim for punitive damages. After reviewing materials submitted for its consideration, the trial court granted defendant's motion. Plaintiff appealed.

*Pritchett, Cooke & Burch, by William Pritchett, Jr., for plaintiff appellant.*

*Jeffress, Hodges, Morris & Rochelle, by A. H. Jeffress, for defendant appellee.*

MARTIN, Judge.

"A party against whom a claim . . . is asserted . . . , may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." G.S. 1A-1, Rule 56(b). In the present case the trial court granted summary judgment against that part of plaintiff's case which sought punitive damages.

The preliminary question arises as to whether this "partial summary judgment" is appealable.

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or

third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes. Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." G.S. 1A-1, Rule 54(b).

The trial court made no determination to the effect that there is no just reason for delay. "By making the express determination in the judgment that there is 'no just reason for delay,' the trial judge in effect certifies that the judgment is a 'final judgment and subject to immediate appeal. In the absence of such an express determination in the judgment, Rule 54(b) makes 'any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties,' interlocutory and not final." *Arnold v. Howard,* 24 N.C. App. 255, 210 S.E. 2d 492 (1974). It is readily apparent why this appeal should be delayed. If it should be determined that appellant is not entitled to disability benefits under the insurance policy, then appellee could not be held to answer in puntive damages for the failure to pay such benefits. This appeal is premature.

Appeal dismissed.

Judges VAUGHN and ARNOLD concur.