NANCY H. SIDERS v. LARRY WAYNE GIBBS

No. 7514SC8

(Filed 18 June 1975)

Appeal and Error § 6; Rules of Civil Procedure § 54— judgment not adjudicating rights of all parties — no right to appeal

Where plaintiff brought an action against two defendants, one of whom then asserted cross-claims against his codefendant, summary judgment entered in favor of one defendant only as to plaintiff's claim is interlocutory and not presently appealable since it adjudicates the rights and liabilities of fewer than all the parties and contains no determination that there is no just reason for delay. G.S. 1A-1, Rule 54(b).

APPEAL by plaintiff from Hall, Judge. Judgment entered 11 December 1974 in Superior Court, DURHAM County. Heard in the Court of Appeals 13 March 1975.

Plaintiff brought this action to recover damages for injuries she sustained on 7 April 1974 when a car driven by Larry Wayne Gibbs collided with a car driven by Ralph L. Young in which plaintiff was a passenger. She alleged that the negligence of both drivers concurred in causing her injury and damage. The parties to this appeal have stipulated that plaintiff was the owner of the vehicle defendant Young was operating at the time of the collision.

In his answer, Gibbs asserted that Young's negligence is imputed to plaintiff, who had the legal duty to control and supervise the operator of her car. He further alleged that plaintiff, knowing Young was driving her car negligently but failing to protest such operation, assumed any risk of injury to herself. Gibbs pled both assertions as contributory negligence on the part of plaintiff barring plaintiff's action against him.

In his answer, Young alleged he was operating plaintiff's car at her request and direction and that plaintiff was negligent in allowing him to operate her car when she knew he was a reckless driver. Young pled this contributory negligence as a bar to plaintiff's action. Young also alleged two cross-claims against Gibbs, the first for contribution should Young be found liable to plaintiff, and the second for Young's own personal injuries.

On 22 October 1974 Gibbs filed a motion for summary judgment "as a matter of law to the plaintiff's claim." On 9

December 1974 Gibbs filed an affidavit verifying the truth of the matters asserted in his answer. A hearing was held on the motion that same day and the trial court, in a judgment filed 11 December 1974, ordered that

> "the motion of the defendant Larry Wayne Gibbs for summary judgment in his favor be and the same is hereby allowed and this action as to said defendant is dismissed."

Plaintiff appealed.

*Clayton, Myrick, McCain & Oettinger by Grover C. McCain, Jr. for plaintiff appellant.*

*Haywood, Denny & Miller by John W. Haywood and George W. Miller, Jr. for defendant appellee.*

PARKER, Judge.

Since defendant Gibbs moved for summary judgment only as to plaintiff's claim, the statement in the judgment allowing the motion that "this action as to said defendant is dismissed" can reasonably refer solely to plaintiff's claim. Young's cross-actions, so far as the record indicates, are still pending.

Plaintiff brought this action against two defendants, one of whom then asserted cross-claims against his codefendant. The judgment from which plaintiff now purports to appeal adjudicates "the rights and liabilities of fewer than all the parties" and contains no determination by the trial judge that "there is no just reason for delay" within the language of Rule 54(b) of the North Carolina Rules of Civil Procedure. Accordingly, the judgment is interlocutory and not presently appealable. *Leasings, Inc. v. Dan-Cleve Corp.,* 25 N.C. App. 18, 212 S.E. 2d 41 (1975) ; *Arnold v. Howard,* 24 N.C. App. 255, 210 S.E. 2d 492 (1974).

Appeal dismissed.

Judges HEDRICK and CLARK concur.