ROY ARNOLD, PLAINTIFF v. RONALD W. HOWARD AND LINDA H. HOWARD, ORIGINAL DEFENDANTS, AND JAMES F. CLARDY, THIRD-PARTY DEFENDANT

No. 7426SC627

(Filed 18 December 1974)

**Appeal and Error § 6; Rules of Civil Procedure § 54— judgment not adjudicating rights of all parties — interlocutory order — no right to appeal**
    Summary judgment entered in favor of the third-party defendant is interlocutory and not presently appealable by the original defendants where the judgment adjudicates "the rights and liabilities of fewer than all the parties" and contains no determination by the trial judge that "there is no just reason for delay." G.S. 1A-1, Rule 54(b).

ATTEMPTED appeal by original defendants from *Falls, Judge,* 8 April 1974 Schedule "A" Civil Session of Superior Court held in MECKLENBURG County.

Plaintiff Arnold brought this civil action against the Howards, original defendants, to recover balance allegedly due on a purchase money promissory note dated 31 March 1972 executed by the Howards to the order of Arnold. The Howards answered, setting up certain defenses, including that Arnold had made

fraudulent misrepresentations during the transaction in connection with which the note was given. In their answer the Howards also set out a third-party claim against Clardy, whom they made a third-party defendant, alleging that if they should be found liable to Arnold for any sum, then they are entitled to reimbursement from Clardy.

The pleadings disclose the following events. On 31 March 1972 Arnold sold and conveyed to the Howards a tract of land in Mecklenburg County on which there was situated a 96-unit apartment complex. The property was subject to the lien of a deed of trust dated 22 February 1971 securing a note to Cameron Brown Company in the original principal sum of $800,000.00. As part of the purchase price the Howards executed to the order of Arnold the note here in suit payable in the sum of $225,000.00, and secured the same by a purchase money deed of trust which was subordinate to the prior lien of the Cameron Brown deed of trust. By written contract dated 28 December 1972 the Howards agreed to sell the property to Clardy and Clardy agreed to purchase it from the Howards, the contract reciting that the "contract price" for the property was $1,039,470.05, "which shall consist of" the existing principal balance on the Cameron Brown first mortgage in the amount of $786,170.61, the existing principal balance on the Arnold second mortgage in the amount of $220,299.44, a "binder" of $5,000.00, and cash on delivery of the deed in the amount of $28,000.00. The contract recited that the "[p]roperty shall be taken subject to" the Cameron Brown and the Arnold mortgages. By deed dated 1 January 1973 the Howards conveyed the property to Clardy and wife "subject to" the two deeds of trust. Thereafter default occurred in payment on the notes secured by the two deeds of trust, the first deed of trust was foreclosed, the plaintiff Arnold brought this suit against the Howards.

After pleadings were filed, Clardy, the third-party defendant, moved pursuant to Rule 56 of the Rules of Civil Procedure for summary judgment on the Howards' claim against him on the ground that "as between these parties there is no genuine triable issue as to any material fact, and that third party defendant is entitled to judgment as a matter of law." This motion was based on the pleadings and on an affidavit of one Waters, the real estate agent who acted for Clardy in the purchase of the property. In this affidavit Waters stated that Clardy had instructed him that he would take the property subject to the

Arnold v. Howard

two mortgages but would not assume any personal obligation for the payment of either; that Waters had prepared the contract, which Clardy had signed and which was then sent to Mr. Howard for his signature and approval; that prior to signing the contract, Mr. Howard telephoned Waters and asked if Clardy would assume Howard's personal obligation on the second mortgage note; that Waters again told Howard that Clardy would not assume any of the mortgage debts or accept any language of assumption in the contract; and that following this telephone conversation the contract was consummated and the sale was closed.

The court, finding no genuine issue as to any material fact and that the third-party defendant was entitled to summary judgment, granted the motion and ordered the original defendants' claim for contribution against the third-party defendant dismissed. The original defendants objected and excepted to this order and gave notice of appeal.

*Lloyd F. Baucom for original defendants, Ronald W. Howard and Linda H. Howard.*

*Thomas Ash Lockhart and Joe C. Young for third-party defendant, James F. Clardy.*

PARKER, Judge.

Rule 54(b) of the Rules of Civil Procedure, G.S. 1A-1, Rule 54(b), is as follows:

"(b) *Judgment upon multiple claims or involving multiple parties.*—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties *and shall not then be subject to review either by*

Arnold v. Howard

*appeal or otherwise* except as expressly provided by these rules or other statutes. Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

Although the parties have raised no question concerning the matter, we note that the judgment from which the original defendants now purport to appeal adjudicates "the rights and liabilities of fewer than all the parties" and that it contains no determination that "there is no just reason for delay." Our Rule 54(b) is substantially similar to the Federal Rule 54(b) as that Rule was amended in 1961, and it is therefore appropriate to look to Federal decisions and authorities for guidance in applying our Rule. As those authorities point out, the need for Rule 54(b) arose from the increased opportunity for liberal joinder of claims and parties which the new Rules of Civil Procedure provided. For analysis and discussion of the history and purposes served by Federal Rule 54(b), see 6 Moore's Federal Practice, ¶ 54.01 et seq.; 10 Wright and Miller, Federal Practice and Procedure, § 2660. As described by the United States Supreme Court, under Rule 54(b) the trial court "is used as a 'dispatcher.' It is permitted to determine, in the first instance, the appropriate *time when each 'final decision'* upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal." *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 435, 100 L.Ed. 1297, 1306, 76 S.Ct. 895, 899 (1956). Under the Federal Rule 54(b) as amended in 1961 and under the North Carolina Rule 54(b), the trial court performs that function also in multiple-party actions as well as in multiple-claim actions. Under the North Carolina Rule, the trial court is granted the discretionary power to enter a final judgment as to one or more but fewer than all of the claims or parties, "only if there is no just reason for delay *and it is so determined in the judgment."* (Emphasis added.) By making the express determination in the judgment that there is "no just reason for delay," the trial judge in effect certifies that the judgment is a final judgment and subject to immediate appeal. In the absence of such an express determination in the judgment, Rule 54(b) makes "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties," interlocutory and not final. By express provision of the Rule, such an order remains "subject

to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties," and such an order is not then "subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes." G.S. 1-277 is not such an express authorization. *See* Comment to G.S. 1A-1, Rule 54(b).

Since, the judgment from which the original defendants now attempt to appeal in the present case adjudicates "the rights and liabilitites of fewer than all the parties" and since it contains no determination by the trial judge that "there is no just reason for delay," the judgment is interlocutory and not presently appealable. Accordingly, the attempted appeal of the original defendants is

Dismissed.

Chief Judge BROCK and Judge MARTIN concur.