NYTCO LEASING, INC., PLAINTIFF v. DAN-CLEVE CORPORATION, F. ROLAND DANIELSON, AND BILL CLEVE, DEFENDANTS-APPELLANTS v. SOUTHEASTERN MOTEL CORPORATION, THIRD PARTY DEFENDANT

No. 7410SC874

(Filed 5 March 1975)

Rules of Civil Procedure § 54— adjudication of rights of fewer than all the parties — judgment interlocutory and not appealable

Where the judgment from which the original defendants purported to appeal adjudicated "the rights and liabilities of fewer than all the parties" and contained no determination by the trial judge that "there is no just reason for delay," the judgment was interlocutory within the

Leasing, Inc. v. Dan-Cleve Corp.

meaning of N. C. Rules of Civil Procedure, Rule 54(b), and the judgment was not appealable.

APPEAL by defendants from *McKinnon, Judge.* Judgment entered 28 June 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 17 January 1975.

The Southeastern Motel Corporation, third party defendant, is not involved in this appeal.

On 27 November 1972 plaintiff Nytco Leasing, Inc., entered into a lease agreement with defendant Dan-Cleve Corporation for the lease of furniture, fixtures, and equipment for a period of eighty-four months at a monthly rental of $5,130.00. Defendants F. Roland Danielson and Bill Cleve each contemporaneously executed and delivered to plaintiff a personal guaranty of defendant Dan-Cleve's performance. In consideration of the execution of the lease and the personal guaranties, Nytco purchased and delivered the furniture, fixtures, and equipment selected by Dan-Cleve to a Sheraton Inn leased and operated by defendants. Because the amount and rental value of the items purchased by Nytco was less than that contemplated under the lease, the schedule of rates and charges was amended to provide for monthly rental payments of $3,594.04, payable for eighty-four months, commencing 1 March 1973.

Beginning 1 March 1973, Dan-Cleve made three monthly payments of rent to plaintiff but made no further monthly payments. By reason of Dan-Cleve's failure to make the scheduled payments, plaintiff requested that the guarantors remedy the default. The guarantors have refused to do so. As a result, and pursuant to the terms of the agreement, Nytco declared due and payable all the unpaid rentals for the entire term of the agreement.

At the time they entered into the lease, defendants also agreed to accept and pay for certain expendable items agreed upon by both plaintiff and defendants. Plaintiff Nytco purchased these items at a cost of $4,396.83 and delivered them to defendants, who had previously agreed to accept delivery. Plaintiff alleges that defendants have failed to pay for these expendables despite repeated demands for payment. As a consequence of these events, plaintiff Nytco, in its complaint, prayed for the rent due under the agreement, sales tax payable on the rent,

the value of the expendables and the sales tax thereon, and reasonable attorney fees.

Defendants filed a joint answer denying the prayers of the complaint generally but admitting defendant Dan-Cleve's liability for the expendables purchased by Nytco. Defendants also filed, at the filing of their answer, a pleading against Southeastern Motel Corporation (hereinafter referred to as Southeastern). Defendants complained that Southeastern, which leased the Sheraton Inn to Dan-Cleve, had taken possession of the inn and the furniture, fixtures, and equipment. Defendants prayed that in the event plaintiff got a judgment against them, the judgment would be made a lien on the furniture, fixtures, and equipment held by Southeastern. Defendants also prayed that these items be sold at public auction.

Southeastern subsequently cross-claimed against defendants. Under a lease agreement for rental of the inn owned by Southeastern, defendants agreed that all furniture, fixtures, and equipment would be purchased, not leased, and that a chattel mortgage would be given to secure the rental payments for the inn. For breaching this agreement, Southeastern complained that it was damaged in the amount of $210,220.26. Southeastern also charged that because defendants were in default of their rent on the inn, it had been damaged in the amount of $66,930.50 and, furthermore, that defendants had misappropriated some $17,737.00. Southeastern's cross-claim acknowledged the existence of a separate action which was filed in Johnston County against it by plaintiff. The record on appeal does not disclose what disposition, if any, has been made of the claims of the respective defendants against each other and the claim of plaintiff against Southeastern.

After the pleadings were filed, plaintiff moved for summary judgment under Rule 56 of the North Carolina Rules of Civil Procedure. Pursuant to the action filed in Johnston County by plaintiff against Southeastern, part of the furniture, fixtures, and equipment were recovered by plaintiff at a cost of $14,926.21. Part of these items were also sold to Southeastern for $33,500.00. Defendants disputed plaintiff's allegation in respect of the amount spent to recover part of the goods, and the trial court found that there was a genuine issue as to this material fact. On the other issues pending between plaintiff and original defendants, the court granted summary judgment for plaintiff in the amount prayed for by plaintiff, less a credit of

$33,500.00 by reason of plaintiff's sale of the goods to Southeastern.

*Sanford, Cannon, Adams & McCullough, by John Q. Beard, E. D. Gaskins, Jr., H. Hugh Stevens, Jr., and Daniel T. Blue, Jr., for plaintiff-appellee.*

*Vaughan S. Winborne and Ellis Nassif, for defendants-appellant.*

BROCK, Chief Judge.

Although neither party has raised the question, it is clear that the judgment from which the original defendants purport to appeal adjudicates "the rights and liabilities of fewer than all the parties" and contains no determination by the trial judge that "there is no just reason for delay" within the language of Rule 54(b) of the North Carolina Rules of Civil Procedure. Rule 54(b) provides:

> "(b) *Judgment upon multiple claims or involving multiple parties.*—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court *may enter a final judgment* as to one or more but fewer than all of the claims or parties *only if there is no just reason for delay and it is so determined in the judgment.* Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. *In the absence of entry of such a final judgment,* any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise* except as expressly provided by these rules or other statutes. Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

In the recent case of *Arnold v. Howard,* 24 N.C. App. 255, 210 S.E. 2d 492 (1974), we pointed out the purpose of and need

for Rule 54(b). In that case plaintiff sued the original defendants for money due on a promissory note. The defendants answered, setting out, in addition to certain defenses, a third-party claim for contribution against a third-party defendant. After the pleadings were filed, the third-party defendant moved for summary judgment on the original defendants' claim against him. The trial court found no genuine issue as to any material fact, granted the motion, and dismissed the original defendants' claim for contribution against the third-party defendant. The original defendants appealed. Because the judgment from which they attempted to appeal adjudicated "the rights and liabilities of fewer than all the parties" and furthermore contained no determination by the trial judge that there was "no just reason for delay," the judgment was interlocutory and not appealable. The opinion of the Court in *Arnold v. Howard, supra,* states:

> "Under the North Carolina Rule, the trial court is granted the discretionary power to enter a final judgment as to one or more but fewer than all of the claims or parties, 'only if there is no just reason for delay *and it is so determined in the judgment.*' (Emphasis added.) By making the express determination in the judgment that there is 'no just reason for delay,' the trial judge in effect certifies that the judgment is a final judgment and subject to immediate appeal. In the absence of such an express determination in the judgment, Rule 54(b) makes 'any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties," interlocutory and not final. By express provision of the Rule, such an order remains 'subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties,' and such an order is not then 'subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes.' G.S. 1-277 is not such an express authorization. *See* Comment to G.S. 1A-1, Rule 54(b)." 24 N.C. App. at 258.

In the case at bar, the judgment adjudicates "the rights and liabilities of fewer than all the parties" and contains no determination by the trial judge that "there is no just reason for delay." Although the claims of the respective defendants against each other do not seem to affect the plaintiff's rights, it is clear

that under Rule 54(b) the judgment is interlocutory and not presently appealable.

Appeal dismissed.

Judges BRITT and CLARK concur.