DELMAS DURHAM AND WIFE, IRENE W. DURHAM v. MARGIE M. CREECH (WIDOW); HAROLD LEE CREECH, ADMINISTRATOR OF THE ESTATE OF JESSE S. CREECH, DECEASED; AND WILLIE FLOYD SMITH AND WIFE, MILDRED PARRISH SMITH

No. 7511SC158

(Filed 21 May 1975)

Rules of Civil Procedure § 54— multiple defendants — order dismissing claim against and counterclaim of two defendants — interlocutory order —no appeal

The trial court's order dismissing plaintiff's claim against two defendants and dismissing by consent the counterclaim of the defendants against the plaintiffs adjudicated fewer than all the claims of all the parties and did not contain a determination by the trial judge that there was "no just reason for delay" in entering such order; therefore, the order was interlocutory and not presently appealable. G.S. 1A-1, Rule 54(b).

APPEAL by plaintiffs from *Winner, Judge.* Judgment entered 12 November 1974 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 17 April 1975.

This is a civil action instituted by the plaintiffs, Delmas Durham and wife, Irene Durham, against the defendants, Margie M. Creech (widow) and Harold Lee Creech, Administrator of the Estate of Jesse S. Creech (deceased), and Willie Floyd Smith and wife, Mildred Parrish Smith, for reformation of a warranty deed dated 29 April 1961 executed by plaintiffs conveying certain real property to defendant Margie M. Creech, which property was subsequently conveyed by defendants Margie M. Creech and husband, Jesse S. Creech, to defendants Smith by warranty deed dated 22 February 1963.

In their complaint, filed 4 April 1969, plaintiffs alleged the following: Several weeks prior to 29 April 1961, Jesse S. Creech approached the plaintiffs about purchasing certain real property owned by them located in Johnston County. Plaintiffs agreed to sell the property, consisting of approximately 22.5 acres, subject to "their life estates in and to the dwelling then occupied by them as a home, and one acre of land immediately surrounding said house . . . . " The purchase price for the property was $6000, a price considerably less than the value of the property without reservation of the life estate.

On 29 April 1961 plaintiffs met with Mr. Creech in the office of Mr. Creech's attorney to "effectuate the agreement to

convey said land to him .. ... " When the plaintiffs observed that the deed, which had been prepared by Mr. Creech's attorney, did not contain a reservation of their life estate, Mr. Creech "assured . . . [the plaintiffs] that a separate paper was being prepared by his attorney for the purpose of reserving their life estates in the property as agreed upon . . . . " This paper writing, however, only purported to reserve a life estate to the plaintiffs "so long as Margie M. Creech owned . . . " the property. Plaintiffs again objected and Mr. Creech's attorney had the following words added to the paper writing: "This will be a lifetime right in the house and one acre of land for the life of Delmas Durham and wife, Irene Durham." Plaintiffs were thereafter "assured by the said Jesse S. Creech, deceased, and his attorney that the said paper writing was in all respects sufficient and proper to assure and reserve unto them their life estates and residences in the acre of land pursuant to their agreement . . . . " Plaintiffs and Jesse S. Creech thereupon signed the paper writing and the plaintiffs, "relying upon the assurances" of Mr. Creech and his attorney, signed the warranty deed conveying their property to Margie M. Creech. Mrs. Creech was not present and did not sign the paper writing. She did not participate personally in any of the negotiations for the sale of the property. Plaintiffs delivered the warranty deed to Mr. Creech, "who accepted the same as agent for and in behalf of his wife, Margie M. Creech, and at all times was acting within the scope of his said agency." Plaintiffs, being inexperienced in business matters, were "either fraudulently misled by the representations of Jesse S. Creech, deceased, and his attorney, or the said Jesse S. Creech and his attorney were mistaken, as were the plaintiffs, as to the legal effect of the instruments that were prepared and signed; however, due to the misrepresentations made by the said Jesse S. Creech, deceased, and his attorney, plaintiffs agreed to accept said paper writing in lieu of reserving their life estates in the deed executed by them."

The deed to Mrs. Creech was duly recorded in Book 587, page 306, Johnston County Registry; and on 24 October 1962 the Creeches executed an option to defendants Smith for the sale of the property free and clear of all encumbrances for the sum of $9000. This option was recorded in Book 607, page 430, Johnston County Registry. Plaintiffs learned of said option and immediately advised Willie Floyd Smith of the existence of their life estate "in the home where they were then living on said lands and one acre of land surrounding the same . . . ." and fur-

Durham v. Creech

ther advised him that Jesse and Margie Creech had no right to sell the property without reserving said life estate. Plaintiffs thereafter caused the paper writing purporting to reserve their life estate to be recorded in the Office of the Johnston County Register of Deeds. On 22 February 1963 Jesse S. Creech and Margie M. Creech "in complete disregard of the rights of plaintiffs" executed a warranty deed to the defendants Smith for the property originally owned by the plaintiffs. Defendants Smith accepted this deed "with full knowledge and notice of plaintiffs' rights in and to said property."

Defendants Smith filed a demurrer to plaintiffs' complaint on 3 June 1969 and on 18 June 1969 defendants Creech demurred to the complaint. On 14 January 1974, upon motion of defendants Smith, Judge Hobgood permitted the Smiths to withdraw their demurrer and granted them thirty days within which to file answer.

In their answer, defendants Smith admitted purchasing the property described in the complaint free and clear of all encumbrances and denied all other material allegations. By way of counterclaim, defendants Smith claimed paramount title to the property in question and alleged that the plaintiffs were still in possession of the premises and had refused to vacate the premises upon numerous demands of the defendants. Defendants Smith therefore asked the court to have plaintiffs removed from the property and sought to recover from the plaintiffs $3,300 in rent and $500 for damage to the dwelling.

On 16 September 1974 Judge McKinnon, treating the demurrer filed by defendants Creech as a motion to dismiss pursuant to Rule 12(b)(6), overruled the demurrer and allowed them thirty days within which to file answer. On 12 November 1974 Judge Winner, upon his own motion, dismissed plaintiffs' complaint as to the defendants Smith pursuant to Rule 12(b)(6) for failure of the complaint to state a claim upon which relief could be granted and, upon consent of defendants Smith, dismissed their counterclaim against the plaintiffs. Plaintiffs appealed.

L. Austin Stevens and E. V. Wilkins for plaintiff appellants.

W. R. Britt and James A. Wellons, Jr. for defendant appellees.

HEDRICK, Judge.

Although the parties have not raised the question, we must consider whether the trial judge's order dismissing plaintiffs' claim against the defendants Smith is presently appealable. Rule 54(b) of the Rules of Civil Procedure provides:

> "*Judgment upon multiple claims or involving multiple parties.*—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes. Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

In the recent cases of *Leasing, Inc. v. Dan-Cleve Corp.*, 25 N.C. App. 18, 212 S.E. 2d 41 (1975) and *Arnold v. Howard*, 24 N.C. App. 255, 210 S.E. 2d 492 (1974), this court dismissed the appeals where the judgments purported to adjudicate "the rights and liabilities of fewer than all the parties" and contained no determination by the trial judges that there was "no just reason for delay". For a more complete discussion of the purpose and need for Rule 54(b), see *Leasing, Inc. v. Dan-Cleve Corp. supra*, and *Arnold v. Howard, supra*.

In *Arnold v. Howard, supra*, Judge Parker, speaking for this court, said:

> "Under the North Carolina Rule, the trial court is granted the discretionary power to enter a final judgment as to one or more but fewer than all of the claims or parties, 'only if there is no just reason for delay *and it is so determined in the judgment*.' (Emphasis added.) By making the

express determination in the judgment that there is 'no just reason for delay,' the trial judgment in effect certifies that the judgment is a final judgment and subject to immediate appeal. In the absence of such an express determination in the judgment, Rule 54(b) makes 'any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties,' interlocutory and not final. By expression of the Rule, such an order remains 'subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties,' and such an order is not then 'subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes.' G.S. 1-277 is not such an express authorization. *See* Comment to G.S. 1A-1, Rule 54(b)." 24 N.C. App. at 258-259.

In the present case, the order dismissing plaintiffs' claim against the defendants Smith and dismissing by consent the counterclaim of the defendants Smith against the plaintiffs adjudicates fewer than all the claims of all the parties and does not contain a determination by the trial judge that there was "no just reason for delay" in entering such order. Therefore, the order is interlocutory and presently not appealable. Rule 54(b) ; *Leasing, Inc. v. Dan-Cleve Corp., supra; Arnold v. Howard, supra.*

Since the order dismissing plaintiffs' claim and the counterclaim of defendants Smith appears to be a final order except for the trial court's failure to certify its finality by finding that there was "no just reason for delay", a legitimate question arises as to what follows in the trial court upon our dismissal of this appeal. We believe the answer is to be found in that portion of Rule 54(b) which states:

"Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

When and if plaintiffs' claim against the defendants Creech comes on for trial, the trial court may revise the order dismissing plaintiffs' claim as to defendants Smith and as to the counterclaim of the defendants Smith against the plaintiffs "at any

Durham v. Creech

time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties". If the trial court makes or fails to make any revision of the "interlocutory" order, the aggrieved parties, provided they have preserved their exception to any such order, may then challenge the correctness of the "interlocutory" order or any revision thereof on an appeal from a final judgment which determines all of the rights and claims of all of the parties.

For the reasons stated, the purported appeal of the plaintiffs is dismissed and the cause is remanded to the Superior Court for further proceedings.

Dismissed and remanded.

Chief Judge BROCK and Judge MORRIS concur.