Rorie v. Blackwelder

———————

JAMES F. RORIE v. KENNETH G. BLACKWELDER AND WIFE, BARBARA A. BLACKWELDER

No. 7526SC208

(Filed 4 June 1975)

**Rules of Civil Procedure § 54— judgment not adjudicating rights of all parties — interlocutory order — no right to appeal**

Judgment dismissing plaintiff's claim and retaining jurisdiction for the purpose of adjudicating defendants' counterclaim is interlocutory and not presently appealable since it adjudicates the rights and liabilities of fewer than all the parties and contains no determination by the trial judge that there is no just reason for delay. G.S. 1A-1, Rule 54(b).

APPEAL by plaintiff from *Wood, Judge.* Judgment entered 19 December 1974 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 13 May 1975.

The court entered summary judgment for defendants on plaintiff's claim and ordered "that jurisdiction be retained for the purpose of adjudication with respect to defendants' counterclaim."

Plaintiff appealed.

*Scarborough, Haywood & Merryman by Charles B. Merryman, Jr., for plaintiff appellant.*

*Horack, Talley, Pharr & Lowndes by Travis W. Moon for defendant appellees.*

HEDRICK, Judge.

Although neither party has raised the question, it is clear that the judgment from which the plaintiff purports to appeal adjudicates "the rights and liabilities of fewer than all the parties" and contains no determination by the trial judge that "there is no just reason for delay" within the language of Rule 54(b) of the North Carolina Rules of Civil Procedure, which provides:

"(b) *Judgment upon multiple claims or involving multiple parties.*—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court *may enter a final judgment* as to one or more but fewer than all of the claims or parties *only if there is no just reason for delay and it is so determined in the judgment.* Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. *In the absence of entry of such a final judgment,* any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise* except as expressly provided by these rules or other statutes. Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before

Rorie v. Blackwelder

the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

In the recent cases of *Leasing, Inc. v. Dan-Cleve Corp.*, 25 N.C. App. 18, 212 S.E. 2d 41 (1975) and *Arnold v. Howard*, 24 N.C. App. 255, 210 S.E. 2d 492 (1974), this court dismissed the appeals where the judgments from which the appeals were taken adjudicated "the rights and liabilities of fewer than all the parties" and furthermore contained no determination by the trial judge that there was "no just reason for delay".

In the present case, the judgment dismissing plaintiff's claim adjudicates "the rights and liabilities of fewer than all the parties" and expressly retains jurisdiction "for the purpose of adjudication with respect to defendants' counterclaim" without providing "no just reason for delay". Therefore, the order from which plaintiff purports to appeal is interlocutory and not appealable. *Leasing, Inc. v. Dan-Cleve Corp., supra*, and *Arnold v. Howard, supra*. It is significant that Rule 54(b) specifically provides that:

"In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties *shall not terminate the action as to any of the claims or parties* . . . . Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to *revision at any time* before the entry of judgment adjudicating *all the claims and the rights and liabilities of all the parties.*" (Emphasis added.)

Applying the foregoing portion of Rule 54(b) to the present case, the order dismissing plaintiff's claim is, therefore, subject to revision at any time before the entry of judgment adjudicating defendants' counterclaim. See, *Durham v. Creech*, filed in the Court of Appeals, 21 May 1975. For the reasons stated, the appeal is dismissed.

Appeal dismissed.

Chief Judge BROCK and Judge MORRIS concur.