CHARLES A. NEWTON, DOING BUSINESS AS NEWTON'S HOME FURNISHINGS v. THE STANDARD FIRE INSURANCE COMPANY

No. 7527SC392

(Filed 1 October 1975)

**Appeal and Error § 6; Rules of Civil Procedure § 54— two claims — dismissal of one — appeal premature**

In an action to recover under an insurance policy and to recover punitive damages for refusal of defendant to pay the loss allegedly covered by the policy, plaintiff's appeal from the trial court's allowance of defendant's motion to dismiss plaintiff's claim as to punitive damages was premature, since the trial court's order adjudicated only one of plaintiff's two claims and the court made no determination to the effect that there was no just reason for delay. G.S. 1A-1, Rule 54(b).

Newton v. Insurance Co.

APPEAL by plaintiff from *Kirby, Judge.* Order entered 1 May 1975 in Superior Court, GASTON County. Heard in the Court of Appeals 4 September 1975.

This is a civil action to recover $5,500 under an insurance policy issued by defendant to plaintiff and to recover punitive damages of $50,000 for refusal of defendant to pay his loss covered by the policy.

Defendant moved pursuant to G.S. 1A-1, Rule 12(b)(6) of the North Carolina Rules of Civil Procedure to dismiss plaintiff's claim as to punitive damages, and pursuant to G.S. 1A-1, Rule 12(f) to strike the allegations of the complaint relating to punitive damages.

The court allowed the motions and plaintiff appealed.

*Basil L. Whitener and Anne M. Lamm, for plaintiff appellant.*

*Hollowell, Stott and Hollowell, by L. B. Hollowell, Jr., for defendant appellee.*

MARTIN, Judge.

In his pleadings appellant seeks recovery for two claims, one for actual damages and the other for punitive damages. The court ordered the dismissal of the claim for punitive damages.

Although neither party has raised the question concerning the matter, we note that the order from which the plaintiff purports to appeal adjudicates only one of the two claims and the trial court made no determination to the effect that there is no just reason for delay.

"Under the North Carolina Rule, the trial court is granted the discretionary power to enter a final judgment as to one or more but fewer than all of the claims . . . , 'only if there is no just reason for delay *and it is so determined in the judgment.'* (Emphasis added.) By making the express determination in the judgment that there is 'no just reason for delay,' the trial judge in effect certifies that the judgment is a final judgment and subject to immediate appeal." *Arnold v. Howard,* 24 N.C. App. 255, 210 S.E. 2d 492 (1974).

In the absence of such an express determination in the order, G.S. 1A-1, Rule 54(b) makes "any order or other form of de-

cision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties," interlocutory and not final. *Leasing, Inc. v. Dan-Cleve Corporation,* 25 N.C. App. 18, 212 S.E. 2d 41 (1975); *Raynor v. Mutual of Omaha,* 24 N.C. App. 573, 211 S.E. 2d 458 (1975); *Arnold v. Howard, supra.*

For the reasons stated, the appeal is premature.

Appeal dismissed.

Chief Judge BROCK and Judge VAUGHN concur.