EQUITABLE LEASING CORPORATION v. KINGSMEN PRODUCTIONS, INC., AND ELDRIDGE L. FOX

No. 7528DC627

(Filed 3 December 1975)

**Appeal and Error § 6; Rules of Civil Procedure § 54— no adjudication of all claims — premature appeal**

Purported appeal from a judgment allowing plaintiff's motion for summary judgment on its claim and denying plaintiff's motion for summary judgment on defendant's counterclaim is dismissed as premature since the judgment appealed from adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties and the trial court made no finding that there was no just reason for delay. G.S. 1A-1, Rule 54(b).

APPEAL by defendants from *Weaver, Judge.* Judgment entered 27 March 1975 in District Court, BUNCOMBE County. Heard in the Court of Appeals 13 November 1975.

This is a civil action wherein the plaintiff, Equitable Leasing Corporation, seeks to recover from the defendants, Kingsmen Productions, Inc., and Eldridge L. Fox, $2,387.30 and attorney fees in the amount of $358.00 allegedly due on a contract whereby plaintiff leased to defendants a 1972 Cadillac automobile at a monthly rental of $246.43. In what appears to be an unverified complaint, plaintiff alleged that defendants "defaulted" in the monthly payments on 11 April 1974 and plaintiff took possession of the automobile, which it sold for $4,000.00, leaving a balance due on the contract of $2,387.30.

The defendants filed what appears in the record to be an unverified answer admitting execution of the contract but denying all the other material allegations of the complaint. In addition, the defendants filed a counterclaim against the plaintiff alleging that in this action the plaintiff wrongfully attached certain personal property of the defendants, and

> "[t]hat the attachment action by the plaintiff was brought without probable cause and with malice; that property of the defendant was seized as a result of the plaintiff's action and the defendant suffered damages."

On their alleged counterclaim the defendants sought to recover $2,500.00 for loss of business and injury to reputation; $5,000.00 for mental suffering; $1,500.00 for expenses to defend the action; $15,000.00 punitive damages; and such further relief as the court might deem proper.

Plaintiff, on 28 February 1975, moved "for entry of Summary Judgment in his favor on the claim for relief stated in his Complaint against the defendant, and for Summary Judgment against the Counterclaim of the defendants." In support of its motion for summary judgment, plaintiff filed an affidavit of an officer of the corporation, certain exhibits, and the deposition of the defendant, Eldridge Fox.

In opposition to plaintiff's motion, defendants filed a paper writing styled "affidavit and answer to plaintiff's motion for summary judgment" which according to this record was signed

> "GUDGER and MCLEAN
> s/ William A. Parker
> Attorneys for Defendant"

Likewise, defendants filed an affidavit of Juanita Fox and a paper writing styled "affidavit of Carolyn Geraldine Robinson," which, according to the record, was unsigned.

On 27 March 1975, the court made findings of fact from "the verified Complaint of the plaintiff, the verified Answer and Counterclaim of the defendants, Affidavits of Dowell Ricker, Juanita J. Fox, and Carolyn Geraldine Robinson, and the Deposition of Eldridge Fox," and concluded, among other things:

> "3. That there are no material issues of fact remaining to be decided in reference to the plaintiff's claim.

4. That there remains question of fact to be determined at trial in reference to the defendants' counterclaims."

and entered summary judgment for plaintiff on its claim of $2,387.30 and attorney fees, and denied plaintiff's motions for summary judgment as to defendants' counterclaim.

Defendant appealed.

*Michael Edward Vaughn for plaintiff appellee.*

*Gudger & McLean by William A. Parker for defendant appellants.*

HEDRICK, Judge.

This appeal is subject to dismissal, because the judgment from which the appeal is taken purportedly "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" and the trial court did not find there was "no just reason for delay." G.S. 1A-1, Rule 54(b); *Rorie v. Blackwelder,* 26 N.C. App. 195, 215 S.E. 2d 397 (1975); *Durham v. Creech,* 25 N.C. App. 721, 214 S.E. 2d 612 (1975); *Arnold v. Howard,* 24 N.C. App. 255, 210 S.E. 2d 492 (1974).

Under the circumstances here presented, summary judgment for plaintiff is not a final judgment, and it may be revised by the trial court at any time before the entry of a final judgment adjudicating defendant's counterclaim. *Durham v. Creech, supra;* Rule 54(b).

With respect to the propriety of a directed verdict or summary judgment for the party having the burden of proof where the credibility of such party's witnesses is at issue, see *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297 (1971), and *Shearin v. Indemnity Co.,* 27 N.C. App. 88, 218 S.E. 2d 207 (1975).

For the reasons stated, this appeal is dismissed and the cause is remanded to the District Court for further proceedings.

Appeal dismissed.

Chief Judge BROCK and Judge CLARK concur.