WACHOVIA REALTY INVESTMENTS, BUCK NICKEL, ROBERT H. PEASE, CHARLES G. REAVIS, JR., ROBERT E. SMITH, EVERETT C. SPELMAN, SR., EDWARD H. WARNER, CALDER W. WOMBLE AND BLAND W. WORLEY, TRUSTEES v. HOUSING, INC., C. P. ROBINSON, JR. AND BETTY LYNN WILSON ROBINSON v. C. P. ROBINSON, JR.

No. 7521SC747

(Filed 21 January 1976)

**Rules of Civil Procedure § 54— determination of fewer than all claims — premature appeal**

In an action for a deficiency judgment brought by plaintiff against defendant Housing, Inc. where the trial court granted summary judgment for plaintiff as to its claim but set the case for trial on the issue of whether Housing was entitled to a setoff under G.S. 45-21.36 or to indemnity from third-party defendant Robinson, the judgment was interlocutory and the appeal of defendant Housing was premature.

APPEAL by defendant, Housing, Inc., from *Walker, Judge.* Judgment entered 17 June 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 14 January 1976.

Plaintiff alleged in its complaint that on 6 May 1970 it entered into a "Building Loan Agreement" with defendant Housing. The agreement provided that plaintiff would lend Housing $3,624,220 for use in the construction of the North Hills housing project in Winston-Salem. The loan was not to be made in a lump sum, but instead, funds were to be advanced by plaintiff to Housing each month pursuant to draw requests submitted by Housing, showing the amount of expenses Housing had incurred in connection with the project during the preceding month. On the same day that the Building Loan Agreement was signed, Housing also executed a note to plaintiff for $3,624,220 and a deed of trust covering the land where the housing project was to be built. Defendants Robinson guaranteed payment of all Housing's debts to plaintiff. Housing de-

faulted in its payments on the note, and the deed of trust was foreclosed and the property sold. This action was brought for a deficiency judgment.

Defendant Housing admitted executing the Building Loan Agreement, note, and deed of trust, but denied that it was liable for a deficiency judgment. It alleged that in February 1971 its two stockholders, C. P. Robinson, Jr. and Carl W. Johnson, entered into an agreement to divide their business enterprises. They agreed that Robinson would be responsible for all debts and expenses relating to the North Hills project; that he would receive all profits from this project; and that he would turn over all his stock in Housing to Johnson. To carry out this agreement, Housing executed a power of attorney to Robinson and Harold Hunter, making them its attorneys-in-fact for the purpose of paying all expenses and receiving all funds connected with the North Hills project. Housing alleged that plaintiff approved this agreement between Johnson and Robinson and thereby entered into a novation freeing Housing of any liability under the note and deed of trust. Alternatively, Housing alleged, plaintiff's approval of this agreement had reduced Housing to the status of a surety, with Robinson as principal debtor, and Housing had been freed of any liability as surety by subsequent dealings between plaintiff and Robinson. Housing also alleged that it was entitled to a setoff under G.S. 45-21.36, and it raised certain other affirmative defenses. It impleaded Robinson as a third-party defendant, alleging that it was entitled to indemnity from him if it were held liable to plaintiff.

Both plaintiff and Housing moved for summary judgment. Voluminous depositions and other materials were submitted in connection with these motions. The court granted summary judgment for plaintiff as to its claim, but set the case for trial on the issues of whether Housing was entitled to a setoff under G.S. 45-21.36 or to indemnity from Robinson.

*Womble, Carlyle, Sandridge & Rice by W. P. Sandridge, Jr., for plaintiff appellee.*

*Hoyle, Hoyle & Boone by John T. Weigel, Jr.; Smith, Moore, Smith, Schell & Hunter by Jack W. Floyd and O. Max Gardner III, for defendant appellant.*

CLARK, Judge.

The judgment of the trial court, though granting summary judgment for plaintiff on its claim, retained the cause "for

Investments v. Housing, Inc.

determination of what amount, if any, are the defendants entitled to as a setoff" under G.S. 45-21.36, and "as to the rights, if any, of the defendant Housing, Inc. to indemnification by the defendant C. P. Robinson, Jr." Under G.S. 1A-1, Rule 54(b) the trial court "may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment." In this case there was no determination in the judgment that there is no reason for delay.

It is obvious that this judgment adjudicated "fewer than all the claims or the rights and liabilities of fewer than all the parties." Therefore, under G.S. 1A-1, Rule 54(b) there was no final judgment, and it "shall not then be subject to review *either by appeal or otherwise* except as expressly provided by these rules or other statutes."

In *Arnold v. Howard,* 24 N.C. App. 255, 210 S.E. 2d 492 (1974), the court, in construing G.S. 1A-1, Rule 54(b), ruled that G.S. 1-277 was not a statute expressly providing for review by appeal or otherwise within the meaning of the above-quoted term "except as expressly provided by these rules or other statutes." Briefly, G.S. 1-277(a), and also G.S. 7A-27(d), provide for appeal from an interlocutory order which affects a substantial right, or in effect determines the action and prevents a judgment from which an appeal might be taken, or discontinues the action, or grants or refuses a new trial. *Arnold v. Howard, supra,* has been followed by this Court in numerous decisions. See *Durham v. Creech,* 25 N.C. App. 721, 214 S.E. 2d 612 (1975) ; *Leasing, Inc. v. Dan-Cleve Corp.,* 25 N.C. App. 18, 212 S.E. 2d 41 (1975) ; *Siders v. Gibbs,* 26 N.C. App. 333, 215 S.E. 2d 813 (1975) ; *Christopher v. Bruce-Terminix Co.,* 26 N. C. App. 520, 216 S.E. 2d 375 (1975) ; *Mozingo v. Bank,* 27 N.C. App. 196, 218 S.E. 2d 506 (1975) ; *Ostreicher v. Stores, Inc.,* 27 N.C. App. 330, 219 S.E. 2d 303 (1975) ; and *Builders, Inc. v. Felton,* 27 N.C. App. 334, 219 S.E. 2d 287 (1975).

So we have interpreted G.S. 1A-1, Rule 54(b) to mean that if the order or judgment adjudicates fewer than all the claims, or the rights and liabilities of fewer than all the parties, and there is no determination in the order or judgment that "there is no just reason for delay," then the order or judgment is not subject to appellate review on the ground that it affects a substantial right, or other grounds enumerated in G.S. 1-277 or G.S. 7A-27(d). Under this Rule the order or judgment is

not final and "is *subject to revision* at any time before entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

One of the obvious purposes of Rule 54 is to minimize fragmentary appeals. It permits appeals only from final judgments, upon the trial court's determination of "no just reason for delay." Appellate review of an "interlocutory order" under Rule 54 may be had under the provision "shall not then be subject to review either by appeal or otherwise *except as expressly provided by these rules or other statutes.*" (Emphasis added.) This provision, not included in the Federal Rules, may give us, by certiorari or otherwise, limited power to allow appellate review of a Rule 54 interlocutory order, but in view of all of the provisions of the Rule, including the right of the trial court to revise the order or judgment at any time before final adjudication, this provision should be strictly construed; and discretionary authority thereunder, if any, should be exercised sparingly in extraordinary circumstances to avoid a harsh result.

G.S. 1-289 and G.S. 1-269 require the filing of an undertaking or making of a deposit to stay the execution of a money judgment. Any injustice or hardship that may result from execution issued under a "final judgment" which adjudicates "fewer than all the claims or the rights and liabilities of fewer than all the parties" is alleviated by G.S. 1A-1, Rule 62(g), which provides: "When a court has ordered a final judgment under the conditions stated in Rule 54(b), the court may stay enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered." Sub judice, it appears from the record on appeal that execution was issued on the judgment for plaintiff in this case. Defendant Housing filed in this Court a petition for stay of execution, which was denied because of failure to comply with Rule 23, New North Carolina Rules of Appellate Procedure. The defendant, Housing, could have moved for stay of execution in the trial court under Rule 62(g), or, in the alternative, on the ground that execution was improvidently issued because the judgment was interlocutory and not final. And the defendant may now move in the trial court for withdrawal of the execution issued on an interlocutory judgment.

Rule 54 is a simple and workable one. It should be knowledgeably applied in the trial courts and reasonably interpreted in the appellate courts in accord with its purpose.

Appeal dismissed.

Judges VAUGHN and MARTIN concur.