Beck v. Beck

---

COY E. BECK, ADMINISTRATOR OF THE ESTATE OF BLANCHE K. BECK, AND COY E. BECK, INDIVIDUALLY v. PAUL C. BECK, PEGGY B. MANESS, POLLY B. DOBY, BOBBY RAY BECK, AND THOMASVILLE CITY BOARD OF EDUCATION

No. 7522SC790

(Filed 4 February 1976)

**Appeal and Error § 6; Rules of Civil Procedure § 54— order not adjudicating all claims — premature appeal**

     Purported appeal from an order which adjudicates the rights and liabilities of fewer than all the parties and contains no determina-

Beck v. Beck

tion that there is no just reason for delay is premature and must be dismissed. G.S. 1A-1, Rule 54(b).

APPEAL by plaintiff from *Godwin, Judge.* Judgment entered 16 July 1975 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 22 January 1976.

In his complaint, plaintiff alleges that he was the husband of decedent, Blanche K. Beck, who died 8 June 1969 and he was named administrator of her estate. He had paid certain expenses of the estate with his own funds and was entitled to reimbursement from the estate.

On the 8th day of April 1965, the Thomasville City Board of Education executed a note payable to plaintiff and his wife for the purchase of real estate, with payment to be made in the years 1969 through 1973. After decedent's death, plaintiff and his children, the individual defendants herein, entered into a purported family settlement agreement, which provided that he would receive only a portion of the payments made by the Board of Education, while the children would receive the other portion. Plaintiff alleged this agreement was void because plaintiff was not represented by counsel when he signed the agreement and he did not realize its legal significance.

Plaintiff's children denied that plaintiff had paid any estate expenses with his own funds. They allege that when the family settlement agreement was signed, plaintiff was represented by counsel and fully understood its legal effect.

Plaintiff's children moved for summary judgment and motion for judgment on the pleadings on the ground that the complaint failed to state a claim for relief. The court granted the motion and plaintiff appeals to this Court.

*Ottway Burton, for plaintiff appellant.*

*Hoyle, Hoyle & Boone, by John T. Weigel, Jr., for defendant appellees.*

MARTIN, Judge.

Although the parties have raised no question concerning the matter, we note that the judgment from which the plaintiff purports to appeal adjudicates the "rights and liabilities of fewer than all the parties" and that it contains no determination that "there is no just reason for delay" within the meaning of

the language of Rule 54(b) of the North Carolina Rules of Civil Procedure. Plaintiff's action against defendant Board of Education is still pending.

"Under the North Carolina Rule, the trial court is granted the discretionary power to enter a final judgment as to one or more but fewer than all the . . . parties, 'only if there is no just reason for delay *and it is so determined in the judgment.*' (Emphasis added.) By making the express determination in the judgment that there is 'no just reason for delay,' the trial judge in effect certifies that the judgment is a final judgment and subject to immediate appeal." *Arnold v. Howard,* 24 N.C. App. 255, 210 S.E. 2d 492 (1974).

In the absence of such an express determination in the order, Rule 54(b) of the North Carolina Rules of Civil Procedure makes "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties," interlocutory and not final. *Leasing, Inc. v. Dan-Cleve Corp.,* 25 N.C. App. 18, 212 S.E. 2d 41 (1975); *Raynor v. Mutual of Omaha,* 24 N.C. App. 573, 211 S.E. 2d 458 (1975); *Arnold v. Howard, supra.*

For the reasons stated, the appeal is premature.

Appeal dismissed.

Judges BRITT and HEDRICK concur.