CAMERON M. McRAE AND WIFE, ALETA M. McRAE v. JERRY MOORE AND WIFE, JENNETTE MOORE

No. 7613DC1

(Filed 19 May 1976)

**Appeal and Error § 6; Rules of Civil Procedure § 54— judgment not adjudicating all claims — premature appeal**

   Purported appeal is premature where the judgment appealed from adjudicates fewer than all the claims of the parties and contains no finding by the trial judge that there is no just reason for delay. G.S. 1A-1, Rule 54(b).

APPEAL by plaintiffs from *Sauls, Judge.* Judgment entered 24 September 1975 in District Court, BRUNSWICK County. Heard in the Court of Appeals 13 April 1976.

This is a civil action wherein plaintiffs, Cameron M. McRae and wife, Aleta M. McRae, seek specific performance of an

option contract with defendants, Jerry Moore and wife, Jennette Moore, to purchase a house and lot located in Brunswick County, North Carolina. In their complaint, plaintiffs alleged that they entered into an option to purchase a piece of property from defendants described as follows:

> "Rt. #1, Box 379-A Causeway RD Brunswick Cty., Supply, N. C. Approximately 105 x 209.7 lot size presently occupied by Cameron M. & wife Aleta M. McRae as Residence and Real Estate Office."

They alleged further that prior to the expiration of the option agreement they "notified the defendants that they were exercising the option and tendered to the defendants the full purchase price . . . " , but defendants refused to convey the property.

In their answer, defendants admitted entering into the option with plaintiffs but denied that plaintiffs had exercised the option in accordance with its terms. They likewise filed a counterclaim for rent and for damages allegedly resulting from the filing of a *lis pendens* on the property by plaintiffs.

After a trial without a jury, the judge made findings and concluded that plaintiffs were not entitled to specific performance. The court also concluded that plaintiffs were indebted to defendants for unpaid rent and entered a judgment on defendants' counterclaim for rent in the amount of $375.00. Plaintiffs appealed.

*Powell and Smith by William A. Powell for plaintiff appellants.*

*Mason H. Anderson by Douglas W. Baxley for defendant appellees.*

HEDRICK, Judge.

The court made no adjudication of defendants' counterclaim for damages allegedly resulting because plaintiffs filed a *lis pendens* on the property after the expiration of the option, which prevented defendants "from selling their property or from using it as collateral to obtain money badly needed in their business affairs." Thus, the judgment from which plaintiffs appeal adjudicates fewer than all the claims of the parties.

Since the trial court made no determination that "there is no just reason for delay," the judgment "does not terminate the

action as to any of the claims," G.S. 1A-1, Rule 54(b), and is not now appealable. *Durham v. Creech,* 25 N.C. App. 721, 214 S.E. 2d 612 (1975); *Leasing, Inc. v. Dan-Cleve Corp.,* 25 N.C. App. 18, 212 S.E. 2d 41 (1975), *cert. denied* 288 N.C. 241, 216 S.E. 2d 910 (1975); *Arnold v. Howard,* 24 N.C. App. 255, 210 S.E. 2d 492 (1974).

Appeal dismissed.

Chief Judge BROCK and Judge CLARK concur.