Ahern v. Ahern

DONALD H. AHERN v. JANET F. AHERN

No. 8226DC637

(Filed 6 September 1983)

**Divorce and Alimony § 16.9— amount of alimony—supporting evidence**

The trial court's order requiring plaintiff to pay defendant alimony of $25,000.00 per year was supported by the record, although plaintiff's designated salary from a drug company which he owns is only $31,500.00 per year, where plaintiff stipulated that he is able to support defendant at the same level to which she had been accustomed during the marriage; the evidence showed that plaintiff's real income greatly exceeded his designated salary and that the standard of living of the parties during the marriage was much higher than that permitted by a salary of $31,500.00; and the evidence supported the court's finding that no restrictions existed to prevent plaintiff from setting his salary at a higher level.

APPEAL by plaintiff and cross-appeal by defendant from *Saunders, Judge.* Orders entered 1 February 1982 and 10 June 1982 in District Court, MECKLENBURG County. Heard in the Court of Appeals 22 April 1983.

Plaintiff and defendant married in 1951, separated in July, 1979, and have three children, all of whom are now emancipated. In September, 1980, plaintiff sued for absolute divorce on the grounds of one year's separation; the defendant answered, admitting the separation, but alleged the plaintiff's abandonment and counterclaimed for permanent alimony. By stipulation, the divorce action was heard separately and the decree was entered 1 May 1981. Later, after the court's leave was obtained, defendant filed an amended answer and counterclaim that added two claims for monies allegedly due her from the plaintiff because of the purchase and sale of certain assets during the marriage.

After defendant's alimony claim was heard, an order was entered requiring plaintiff to pay $2,141 a month and provide her with a car and medical insurance. From that order plaintiff appealed. Defendant moved to dismiss the appeal as premature and interlocutory and appealed the denial of her motion.

*Walker, Palmer & Miller, by James E. Walker, and June E. Jensen, for plaintiff appellant.*

*Tucker, Hicks, Sentelle, Moon and Hodge, by Fred A. Hicks and Gretchen C. F. Shappert, for defendant appellee.*

PHILLIPS, Judge.

Defendant's contention that plaintiff's appeal should be dismissed as premature since her other counterclaims have yet to be decided is without merit. The trial court determined that there was no just reason for delay, and we agree. "By making the express determination in the judgment that there is 'no just reason for delay,' the trial judge in effect certifies that the judgment is a final judgment and subject to immediate appeal." *Arnold v. Howard*, 24 N.C. App. 255, 258, 210 S.E. 2d 492, 494 (1974).

Plaintiff's appeal is of no more substance. The only question of consequence presented is whether the order requiring him to pay alimony and provide other benefits for defendant amounting to about $25,000 a year is supported by the record. Plaintiff contends, in short, that the award is incompatible with his salary of $31,500 a year and that the finding that the drug company he owns and works for could increase his salary if plaintiff chose is not supported by evidence. The question presented is affirmatively answered by the record not once, but twice.

First and foremost, before plaintiff's divorce was obtained and the alimony hearings were conducted, in addition to stipulating that he is the supporting spouse and she is entitled to permanent alimony, all of which had been admitted in replying to her counterclaim, plaintiff further testified that: *"he is an able-bodied man, capable of earning substantial amounts of money, and earning substantial amounts of money, and has the ability to provide ample support for the defendant."* (Emphasis supplied.) Since proof is not required for that which has been judicially admitted—*Clapp v. Clapp*, 241 N.C. 281, 85 S.E. 2d 153 (1954); 2 Brandis N.C. Evidence § 166 (2d ed. 1982)—this set at rest the plaintiff's ability to support the defendant at the same level that she had become accustomed to during the marriage, which is obviously what the words "ample support" were intended and understood to mean. Used against the background of their life together, the words "ample support for the defendant" certainly do not mean support at the very highest level or, for that matter, any level higher than they had ever enjoyed; nor can the words be perverted to mean at a level that can be paid for by a fair portion of the $31,500 salary that he set for himself five years ago. An award based only on his designated salary, as the record in-

disputably shows, would not support the defendant at the level that the parties had long lived, and plaintiff does not contend that it would. The record also shows that the alimony awarded defendant will not enable her to live above the standard heretofore maintained, and again plaintiff does not argue that it would. Having formally stipulated to support and maintain her as before, plaintiff is not at liberty to now contend to the contrary. *Rural Plumbing and Heating, Inc. v. H. C. Jones Construction Co., Inc.,* 268 N.C. 23, 149 S.E. 2d 625 (1966).

Even so, the amount of alimony ordered is also justified by the evidence, which clearly shows that plaintiff's real earnings and income greatly exceed his designated salary. Findings not excepted to show that: The parties acquired and lived in a house worth around $175,000; he acquired marketable securities worth $110,000; his company owes him $125,000 in retained earnings; his equity in his company has an appraised worth of $412,000; he drives and maintains a Cadillac Coupe DeVille automobile; she was provided an automobile, all expenses of which were paid; she had various credit cards and used them as she saw fit; she had access to their joint bank account and wrote checks whenever she wanted to; they were members of, and frequently entertained at, several exclusive and expensive social clubs, including the Charlotte Country Club, the Charlotte City Club, and the Palmetto Club of Columbia, South Carolina; they took trips at considerable expense to New York, San Francisco, Las Vegas, Miami and other American cities and to London, Paris and Rome, always staying at plaintiff's insistence at the nicest hotels; and he contributed about $11,000 a year to the living and educational expenses of their grown, emancipated children, one of whom was 28 years old. Though many of these and other living expenses were paid for by his company, under some accounting or legal theory not understood by us, they nevertheless bespeak, beyond question, real income far beyond the salary received, which fully justifies the award made.

Plaintiff's contentions that the award is based on potential, rather than actual, earnings and that the court's finding that no restrictions exist to prevent him from setting his salary at a higher level is not supported by evidence both miss the point. That his actual income, as distinguished from his mere salary, justifies the award is too obvious for debate; and as to the

absence of any restrictions to raising his salary, the only finding excepted to, the evidence does not show that there is any. The evidence does show, though, that he is the sole owner of that profitable business, which clearly imports control; and though plaintiff testified in vague terms about it not being good business or accounting practice to draw a higher salary, he did not testify that any restrictions had been imposed on either him or the company with respect to his salary. And, certainly, his mode of living through the years, largely at the company's expense, indicates that the company had little or no restrictions as to outlays that could be made for him.

The orders appealed from are therefore

Affirmed.

Judges HILL and JOHNSON concur.