PITT v. WILLIAMS

[101 N.C. App. 402 (1991)]

———————

GLORIA PITT, EVA HARMON, AND VENNIS G. WOOTEN, PLAINTIFFS v. JOHN WILLIAMS, IN HIS CAPACITY AS PASTOR OF THE HOLY TRINITY/OUR LADY OF ATONEMENT PARISH, REGINA HANEY, IN HER CAPACITY AS SUPERINTENDENT OF SCHOOLS FOR THE DIOCESE OF RALEIGH, F. JOSEPH GOSSMAN, IN HIS CAPACITY AS BISHOP OF THE CATHOLIC DIOCESE OF RALEIGH, THE CATHOLIC DIOCESE OF RALEIGH, AND THE CHILD DEVELOPMENT CENTER OF THE HOLY TRINITY/OUR LADY OF ATONEMENT PARISH/CATHOLIC DIOCESE OF RALEIGH, DEFENDANTS

No. 908DC412

(Filed 15 January 1991)

### Appeal and Error § 121 (NCI4th) — partial summary judgment — no appeal from interlocutory order

In an action for breach of an employment contract, an order granting one plaintiff's motion for partial summary judgment was interlocutory and no immediate right of appeal existed when the order adjudicated fewer than all of the claims of all of the parties and clearly did not contain a determination by the trial court that there was no just reason for delay in entering the order.

**Am Jur 2d, Appeal and Error § 104.**

APPEAL by defendants from order entered 23 January 1990 by *Judge Arnold Jones* in LENOIR County District Court. Heard in the Court of Appeals 27 November 1990.

Plaintiffs commenced this action against the defendants seeking damages for the alleged breach of employment contracts. From an order granting plaintiff Gloria Pitt's motion for partial summary judgment, defendants appeal.

*Eastern Carolina Legal Services, Inc., by Wesley Abney, for plaintiffs-appellees.*

*Richard M. Stearns for defendants-appellants.*

JOHNSON, Judge.

Plaintiff Gloria Pitt was employed as the director of the Child Development Center, located in Kinston, North Carolina, and operated under the auspices of the Catholic Diocese of Raleigh. Sometime in 1984, plaintiff Pitt entered into a written contract of employment with the Diocese of Raleigh for a twelve month period. Plaintiff Pitt continued employment with the Child Development Center beyond the term of the written employment contract. On 28 April 1988, defendant John Williams decided to close the Child Development Center, effective 10 June 1988, as a result of financial instability. Plaintiff Pitt is claiming damages for the alleged breach of contract. Plaintiffs Eva Harmon and Vennis G. Wooten also bring forth actions alleging breach of contract. Their claims, however, were not before the trial court when plaintiff Pitt's motion for partial summary judgment was granted and accordingly are not presently before this Court.

On appeal, defendants bring forth two questions for this Court's review. Initially, defendants contend that the trial court erred in granting plaintiff Pitt's motion for partial summary judgment. Defendants further contend that the doctrine of impossibility justifies the alleged breach of contract. Having reviewed the briefs and the record in the instant case, we conclude that this appeal is interlocutory and dismiss it without addressing defendants' assignments of error.

Although not raised by the parties, the threshold question before this Court is whether the trial court's order granting plaintiff Pitt's motion for partial summary judgment is immediately appealable. G.S. § 1A-1, Rule 54(b) provides:

PITT v. WILLIAMS

[101 N.C. App. 402 (1991)]

*Judgment upon multiple claims or involving multiple parties.—*
When more than one claim for relief is presented in an action,
whether as a claim, counterclaim, crossclaim, or third-party
claim, or *when multiple parties are involved, the court may
enter a final judgment as to one or more but fewer than
all of the claims or parties only if there is no just reason
for delay and it is so determined in the judgment.* Such judg-
ment shall then be subject to review by appeal or as otherwise
provided by these rules or other statutes. *In the absence of
entry of such a final judgment, any order or other form of
decision, however designated, which adjudicates fewer than
all the claims or the rights and liabilities of fewer than all
the parties shall not terminate the action as to any of the
claims or parties and shall not be subject to review either
by appeal* or otherwise except as expressly provided by these
rules or other statutes. Similarly, in the absence of entry of
such a final judgment, any order or other form of decision
is subject to revision at any time before the entry of judgment
adjudicating all the claims and the rights and liabilities of
all the parties. (Emphasis added.)

It is well established in North Carolina that:

the trial court is granted the discretionary power to enter
a final judgment as to one or more but fewer than all of
the claims or parties, 'only if there is no just reason for delay
*and it is so determined in the judgment.*' [Emphasis in the
original.] By making the express determination in the judgment
that there is '*no just reason for delay,*' the trial judgment
in effect certifies that the judgment is a final judgment and
subject to immediate appeal. *In the absence of such an express
determination in the judgment, Rule 54(b) makes 'any order
or other form of decision, however designated, which adjudicates
fewer than all the claims or the rights and liabilities of fewer
than all the parties,'* interlocutory and not final. (Emphasis
added.)

*Durham v. Creech,* 25 N.C. App. 721, 724-25, 214 S.E.2d 612, 615
(1975), *quoting, Arnold v. Howard,* 24 N.C. App. 255, 258-59, 210
S.E.2d 492, 494 (1974). "An interlocutory order is one made during
the pendency of an action, which does not dispose of the case,
but leaves it for further action by the trial court in order to settle
and determine the entire controversy." *Veazey v. Durham,* 231

N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). No appeal lies from an interlocutory order unless such order deprives an appellant of a substantial right and will result in injury if not reviewed prior to the final judgment. G.S. § 1-277(a).

In applying the above-mentioned principles to the case *sub judice*, the order granting plaintiff Pitt's motion for partial summary judgment adjudicated fewer than all of the claims of all of the parties and clearly does not contain a determination by the trial court that there was "no just reason for delay" in entering the order. Moreover, the trial court's order does not deprive the defendants of any substantial right. Thus, the order granting plaintiff Pitt's motion for partial summary judgment is interlocutory and no immediate right of appeal exists.

Accordingly, defendants' appeal is

Dismissed.

Judges WELLS and COZORT concur.