MARINE ECOLOGY SYSTEMS, INC. v. SPOONERS CREEK YACHT HARBOR, INC.

No. 783DC529

(Filed 17 April 1979)

**1. Claim and Delivery § 2— valuation in affidavit not binding**

    A plaintiffs' valuation of property in an affidavit and undertaking in a claim and delivery action is not conclusive and binding on the plaintiff but is only some evidence of actual value, and plaintiff may show at the trial that the actual value is lower.

**2. Landlord and Tenant § 5— lease of equipment—damages for breach**

    In an action to recover for breach of an agreement to lease equipment, the trial court did not err in using as its measure of damages the rent for the entire remaining term of the lease less the fair market value of the equipment at the time it was repossessed where the evidence showed that plaintiff attempted to mitigate its damages by unsuccessfully attempting to sell the equipment, which was an outdated model by the time it was repossessed.

**3. Attorneys at Law § 7.4— breach of lease agreement—no recovery of attorney fees**

    A lease agreement for personal property was not an "evidence of indebtedness" within the meaning of G.S. 6-211, and plaintiff was not entitled to recover attorney fees in an action brought upon the lease although the lease provided for the recovery of such fees.

APPEAL by defendant from *Phillips, Judge.* Judgment entered 12 January 1978 in District Court, CARTERET County. Heard in the Court of Appeals 7 March 1979.

Plaintiff brought this civil action for the recovery of rental arrearage owed it for certain items of marine waste removal and storage equipment leased to defendant. The lease was for ten years, commencing 26 March 1973, with an annual rental of $300. The rent was paid by defendant for the first and second years but the third year's rent, due on 26 March 1975, was not paid.

Plaintiff instituted suit and repossessed the equipment in question, alleging by affidavit that its value was $2,400. Defendant in his answer denied the allegations of the complaint and alleged that plaintiff had breached the lease agreement by failing to maintain and service the equipment as required.

The court, sitting without a jury, made findings of fact and concluded that defendant had breached the terms of the lease

agreement and that plaintiff had not committed any material breach of the agreement. judgment was entered for the plaintiff in amounts according to the terms of the lease, less $800.00 credit for the repossessed property, and plus attorney's fees in the amount set forth in the agreement. Defendant appealed.

*Bennett, McConkey & Thompson, by Thomas S. Bennett, for the plaintiff.*

*Everette L. Wooten, Jr., for the defendant.*

MARTIN (Robert M.), Judge.

[1]   Defendant contends the court erred in finding that the value of the equipment on the date it was repossessed was $800. He argues that plaintiff, having filed an affidavit in the claim and delivery action stating that the property was worth $2,400, was estopped to change his position with respect to a material matter during the course of litigation. In support of this proposition, defendant cites *Roberts v. Grogan*, 222 N.C. 30, 21 S.E. 2d 829 (1942); *Ingram v. Power Company*, 181 N.C. 359, 107 S.E. 209 (1921). We find these cases distinguishable from the instant case. A plaintiff seeking to gain possession of property which he contends is rightfully his must, as a part of the claim and delivery proceeding, provide an undertaking for twice the value of the goods or property to be repossessed, this value being established by affidavit made upon information and belief. N.C. Gen. Stats. § 1-475. The required undertaking is for the protection of defendants, so that a fund might be established from which recovery could be had were it shown that the plaintiff was not lawfully entitled to the property or that the property was damaged or diminished in value through plaintiff's fault while plaintiff held possession of it. *See* 66 Am. Jur. 2d *Replevin*, § 64 (1973). Custom and prudence have established that plaintiffs will ordinarily assign to the property to be repossessed a value which represents the maximum amount in controversy over such property, where that figure is likely to be higher than the actual value of the property. This provides the maximum protection for the party from whom the property has been taken by the claim and delivery proceeding and is consistent with our notions of due process. However, the affidavit and undertaking in a claim and delivery action, intended as they are for the defendant's protection, are

not made as conclusive declarations of value and, accordingly, defendant is not entitled to take those valuations from the proceeding before the clerk (which was ancillary to the action on the lease in the instant case) and seek, by collateral estoppel, to prevent plaintiff from proving at trial the actual (and here, lower) value of the property, using market value or other applicable standards of valuation. The North Carolina claim and delivery proceeding is essentially a statutory form of the common law action of replevin. We turn, therefore, to authorities dealing with replevin for support of our conclusions. There is a split of authority with respect to whether the valuation of property made in an affidavit and undertaking will be binding upon the party making it. The better rule, and the one we have adopted above, is that the valuation made in an affidavit or undertaking may be *some* evidence of value but is not conclusive. This principle was well stated by the court in *Maguire v. Pan-American Amusement Co.*, 205 Mass. 64, 91 N.E. 135 (1910):

> If a plaintiff in replevin chooses to make a statement of the value of the property in his writ or in his bond, undoubtedly it should be regarded as an admission by him, and should afford evidence of that value against him and those who, like his sureties, are in privity with him. But it is against all the analogies of the law to treat the mere admission of a party, not essential, as we have seen that this is not essential, to the institution or the prosecution of his proceedings, and not acted upon or intended to be in any way acted upon by the opposite party, as an estoppel. *Athol Savings Bank v. Bennett*, 203 Mass. 480, 485. The averment may have been made without seeing the property or knowing anything of the condition into which it has been put by the defendant in replevin. It is customary in our practice to prepare the bond in advance of the service of the writ and before an appraisal of the property has been made under R. L. c. 190, §§ 3 and 9. If this is done, the plaintiff will naturally make the penalty of the bond large enough to cover whatever appraisal may in the future be made. Under such circumstances the fact that the bond is required to be in double the value of the property scarcely justifies the inference that the plaintiff and his sureties are estopped to deny that the value of the property is at least half of the penalty of the bond, especially since we

have decided that no harm is done to any party by making that penalty needlessly large. *Clap v. Guild*, 8 Mass. 153.

*Id.* at 71-72, 91 N.E. 137-138. *Accord, Peters v. Brown*, 245 Ill. App. 570 (1927). *But see, contra, Capitol Lumber Corp. v. Learned*, 36 Or. 544, 59 P. 454 (1899). *Also see generally* 66 Am. Jur. 2d *Replevin* § 150 (1973). We find that the evidence before the court was sufficient to support the judge's findings that the equipment when returned was worth only $800.00. Facts found by the court during a hearing without a jury will not be disturbed if supported by competent evidence. Accordingly, defendant's assignments of error are overruled.

[2] Defendant contends that the trial court erred in using as its measure of damages the rent for the entire remaining term of the lease, less the fair market value of the property as of the time it was repossessed since the facts showed that the plaintiff did not attempt to resell or re-lease the property and thus did not attempt to mitigate his damages as he was obligated to do.

In *Tillinghast v. Cotton Mills*, 143 N.C. 268, 55 S.E. 621 (1906), the Court said: "It is an established principle that when there has been a breach of contract definite and entire, the injured party must do what fair and reasonable business prudence requires to save himself and reduce the damage, or the damage which arises from his own neglect will be considered too remote for recovery." This principle has been reaffirmed by numerous decisions of the Court. The president of plaintiff corporation testified that he attempted to sell the equipment to an outfit in Ohio, but was unsuccessful. He also stated that the equipment was an outdated model by the time it was repossessed and that he based his opinion of value on the fact that they tried to get $800 for the equipment but were unable to do so. It is only necessary that the injured party acts with such care and diligence as a man of ordinary prudence would under the circumstances, and his efforts to minimize damages are determined by the rules of common sense, good faith, and fair dealing. 22 Am. Jur 2d, § 32. We find that plaintiff took the necessary steps to minimize the loss. Defendant's assignments of error are overruled.

[3] Finally, defendant contends the court erred in allowing recovery of attorney fees. He argues that the lease contract was not an evidence of indebtedness and that attorney fees could not

be allowed under N.C. Gen. Stats. § 6-211, and that only agreements intended as security are covered under this statute. Defendant cites *Construction Co. v. Development Corp.*, 29 N.C. App. 731, 225 S.E. 2d 623 (1976). We agree with defendant. Plaintiff is not, under the statute, entitled to attorney's fees and that part of the judgment allowing attorney's fees is reversed.

Affirmed in part, reversed in part.

Judges MITCHELL and WEBB concur.