EQUITABLE LEASING CORPORATION v. HAROLD EARL MYERS, D/B/A MYERS TRADING POST, AND JUANITA M. MYERS

No. 7920SC583

(Filed 15 April 1980)

### 1. Appeal and Error § 6— method for determining appealability

Where the right to appeal is conferred by statute, *i.e.*, where a substantial right of the parties would be affected if immediate appeal were not permitted under G.S. 1-277 or G.S. 7A-27, the judgment is appealable whether it is final or interlocutory in nature, but where there is no such statutory right to appeal, the next question is whether the judgment is in effect final as to all of the claims and parties, and, if so, the judgment is immediately appealable; if not, the next question is whether the specific action of the trial court from which appeal is taken is final or interlocutory, and, if interlocutory, no appeal will lie whether or not certified for appeal by the trial court; but if the action is final as to fewer than all claims or the rights and liabilities of fewer than all parties, but has not been certified for appeal by the trial court under G.S. 1A-1, Rule 54(b), no appeal will lie, while, on the other hand, an appeal from such a final judgment or order will be allowed if it is properly certified under the Rule.

### 2. Appeal and Error § 6; Rules of Civil Procedure § 54— appellate court's determination that judgments affect substantial rights—trial court not dispatcher of appeals

To the extent that judgments are determined by the appellate courts of N.C. to affect a "substantial right" of one of the litigants under G.S. 1-277 and G.S. 7A-27(d), the procedure for trial court certification established in G.S. 1A-1, Rule 54(b) is bypassed and the appellate court is substituted as the true dispatcher of appeals.

### 3. Rules of Civil Procedure § 54— signing of appeal entry—no certification

The signing of an appeal entry by the trial court cannot, in and of itself, be held to satisfy the affirmative act of certification required by G.S. 1A-1, Rule 54(b).

### 4. Appeal and Error § 6— summary judgment for monetary sum—substantial right affected—appealability

The trial court's entry of summary judgment for a monetary sum against the individual male defendant affected a "substantial right" of that defendant, and such judgment was therefore immediately appealable under G.S. 1-277 and G.S. 7A-27.

### 5. Damages § 9— issue of fact as to mitigation—summary judgment improper

In an action to recover for breach of a lease agreement, the trial court improperly granted summary judgment against the individual male defendant on the issue of damages where there was a genuine issue of material fact concerning the sufficiency of plaintiff's attempt to mitigate damages.

6. **Attorneys at Law § 7— action to recover for breach of lease agreement— award of attorney's fees improper**

That portion of a summary judgment awarding plaintiff attorney's fees in an action to recover for breach of a lease agreement must be reversed, since a lease does not constitute evidence of indebtedness within the meaning of G.S. 6-21.2, and attorney's fees may not be allowed, even though they were expressly provided for in the contract.

APPEAL by plaintiff and defendant from *Seay, Judge.* Judgment entered 17 April 1979 in Superior Court, UNION County. Heard in the Court of Appeals 18 January 1980.

Plaintiff sued defendants alleging that defendant Harold Earl Myers defaulted on an agreement in which he had leased certain equipment from plaintiff. Plaintiff additionally alleged that Juanita M. Myers as well as said Harold Myers were personally liable for the default by reason of a written guarantee agreement which they allegedly executed in favor of plaintiff. Defendants admitted the existence of the lease but denied defendant Juanita Myers ever signed a written guarantee of the obligation and further defended on grounds that Juanita Myers lacked sufficient mental capacity to sign the guarantee and that if the signature appearing on the guarantee did belong to Juanita Myers, it had been fraudulently procured. Defendants counterclaimed for the allegedly fraudulent procurement of Juanita Myers' signature on the guarantee. Prior to trial, the trial court dismissed defendants' counterclaim.

The jury found that plaintiff was entitled to recover only one dollar from defendant Harold Myers for breach of the lease. The jury further determined that the signature of Juanita Myers on the guarantee was not genuine and that the defendants were not jointly or severally liable to the plaintiff for damages. The jury found that $16,034.31 of the loss sustained by plaintiff could have been avoided and that defendants were not liable to plaintiff for attorney's fees. On plaintiff's motion under G.S. 1A-1, Rule 59, the trial court set the verdict of the jury aside and granted a new trial on all issues. Plaintiff moved for summary judgment against both defendants. The trial court granted the motion as to defendant Harold Myers but denied it as to defendant Juanita Myers. The judgment does not recite that it is final or that there is no just reason for delay, in accordance with Rule 54(b). Defendant Harold Myers appeals from the granting of summary judgment

against him and plaintiff cross-appeals from the denial of its motion against defendant Juanita Myers.

*Kluttz and Hamlin, by Malcolm B. Blankenship, Jr., for the plaintiff.*

*Bailey, Brackett & Brackett, P.A., by William L. Sitton, Jr., for the defendants.*

WELLS, Judge.

We deal first with defendant Juanita Myers' argument that the trial court's denial of plaintiff's motion for summary judgment against her is not appealable. The denial of summary judgment is interlocutory in nature and not appealable under G.S. 1-277 and G.S. 7A-27, unless a substantial right of one of the parties would be affected if the appeal were not heard prior to final judgment. *Motyka v. Nappier*, 9 N.C. App. 579, 176 S.E. 2d 858 (1970). The record does not reveal that any such substantial right is involved in the present case. Accordingly, we hold that plaintiff's appeal as to defendant Juanita Myers should be dismissed.

We next deal with the question of whether the summary judgment entered against defendant Harold Myers is appealable, since it is clear that the judgment appealed from adjudicates the rights and liabilities of fewer than all the parties. Although plaintiff does not raise the issue in its brief, it is the duty of an appellate court to dismiss an appeal on its own motion if there is no right to appeal. *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978). The question here involves interpretation of G.S. 1A-1, Rule 54(b), which provides in pertinent part:

(b) *Judgment upon multiple claims or involving multiple parties.* — When . . . multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the . . . parties *only if there is no just reason for delay and it is so determined in the judgment.* Such judgment shall then be subject to review by appeal or otherwise provided by these rules or other statutes. *In the absence of entry of such a final judgment, any order or form of decision, however, designated, which adjudicates . . . the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the . . . parties and shall not then be subject to review*

*either by appeal or otherwise except as expressly provided by these rules or other statutes.* Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the . . . rights and liabilities of all the parties. [Emphasis added.]

The North Carolina Rule 54(b) is substantially similar to its Federal counterpart, as that Rule was amended in 1961, and we have therefore appropriately considered Federal decisions and authorities for guidance and direction in the interpretation of our Rule. In *Arnold v. Howard,* 24 N.C. App. 255, 210 S.E. 2d 492 (1974) Judge Parker, speaking for the Court, stated that the need for Rule 54(b) arose from the increased opportunity for liberal joinder of claims and parties under the Rules of Civil Procedure. The Court commented that the Rule contemplated that the trial court would act as the "dispatcher" of cases to the appellate court and would determine, in the first instance, the time at which each "final decision" disposing of less than all the claims in a multiple claim suit or the liability of less than all of the parties in a multiparty suit, is appropriate for appeal. Judge Parker explained that under the Rule, the trial court is granted the discretionary authority to enter a final judgment as to fewer than all of the parties, "only if there is no just reason for delay and it is so determined in the judgment," and that by expressing this determination in the judgment the trial judge is in effect "certifying" that the judgment is a final judgment and subject to immediate appeal. However, the Court held that under Rule 54(b), in the absence of certification by the trial court, any order or other form of decision, however designated, which adjudicates fewer than all of the claims, or the rights and liabilities of fewer than all of the parties, would be considered interlocutory and not appealable. Our opinion in *Arnold* was not reviewed by the Supreme Court. *Arnold* is in line with the interpretation given Federal Rule 54(b):

Unlike original Rule 54(b), which did not lodge any control in the trial court over any adjudication that it rendered, the amended Rule defines finality in terms of what the [trial] court does and gives this court broad discretion in applying finality. Flexibility is introduced by giving the [trial] court, which has first hand information as to the litigation and its

progress, power to determine that when one branch of it has
been adjudicated it is or is not then ripe for appellate review.

6 Moore's Federal Practice ¶ 54.28[1], pp. 363-364 (1976).

The question was next before this Court in *Newton v. In-
surance Co.*, 27 N.C. App. 168, 218 S.E. 2d 231 (1975), *rev'd,* 291
N.C. 105, 229 S.E. 2d 297 (1976). We held that since the defendant
had sought recovery under two claims, one for actual damages
and the other for punitive damages, an appeal from an order of
the trial court dismissing the claim for punitive damages was in-
terlocutory and not final because it had adjudicated fewer than all
the claims and the trial court had certified the judgment for im-
mediate appeal under Rule 54(b). Our Supreme Court reversed,
Justice Exum reasoning that the North Carolina Rule 54(b) must
be distinguished from its Federal counterpart because our Rule
states an exception permitting appeal where allowed by statute,
such as the exceptions stated in G.S. 1-277 and G.S. 7A-27(d)
which authorize appeal from certain interlocutory orders and
judgments. Justice Exum concluded that our Rule 54(b) expands,
rather than restricts, the compass of review of orders and
judgments, and held that a substantial right of the plaintiff would
be affected if plaintiff's claim for punitive damages was not heard
before the same judge and jury as heard the claim for compen-
satory damages. Appeal was thus allowed under G.S. 1-277 and
G.S. 7A-27(d). *See also, Oestreicher v. Stores*, 290 N.C. 118, 225
S.E. 2d 797 (1976); *Highway Commission v. Nuckles*, 271 N.C. 1,
155 S.E. 2d 772 (1967).

The issue was again before the appellate courts of our State
in the case of *Investments v. Housing, Inc.*, 28 N.C. App. 385, 221
S.E. 2d 381 (1976), *rev'd*, 292 N.C. 93, 232 S.E. 2d 667 (1977). In
that case the trial court had granted summary judgment in favor
of the plaintiff for the monetary sum of $204,603.55, but retained
for trial the issue of defendants' right to a setoff. Execution was
entered to enforce the judgment and an order entered by the
Clerk declaring the judgment a lien upon funds alleged to be
owing to the defendant from a third party. We held that this
judgment adjudicated fewer than all the claims or the rights and
liabilities of fewer than all the parties, and dismissed the appeal
as premature under Rule 54(b). Our Supreme Court reversed,
stating that the statutory provisions available to defendant for a

stay of execution upon a money judgment under G.S. 1-269 and G.S. 1-289, as well as the authorization which Rule 62(g) grants the trial court to stay enforcement of a judgment pending its determination of other aspects of the litigation, would require defendant, even if successful, to incur a substantial expense. The Court concluded, "Thus, the existence of those procedures for staying execution on the judgment does not prevent the entry of the judgment from affecting a substantial right of the judgment debtor." 292 N.C. at 99, 232 S.E. 2d at 672. The Court held that the trial court's judgment was appealable under the "substantial right" exception provided in Rule 54(b) through G.S. 1-277 and G.S. 7A-27(d). We will further discuss *Investments* later in this opinion.

The question was next before our Supreme Court in *Nasco Equipment Co. v. Mason,* 291 N.C. 145, 229 S.E. 2d 278 (1976). In *Nasco,* the question before the Court involved competing creditors of Mason Lumber Company, both of whom asserted an interest in a chattel which had been delivered to Mason by the plaintiff, a supplier. A third-party defendant, First Citizens Bank and Trust Company asserted a claim for the chattel based on a security agreement executed in favor of the bank. The trial court granted summary judgment for the bank. We had dismissed plaintiff's appeal in an unpublished opinion on grounds that the judgment appealed from adjudicated "fewer than all the claims or the rights and liabilities of fewer than all the parties" and did not state that there is "no just reason for delay," as required by Rule 54(b). Our Supreme Court reversed, holding that the order granting summary judgment denied the plaintiff a jury trial on the issue of its claim against the bank and, in effect, determined the action in favor of the bank. While there is language in the *Nasco* opinion indicating that the appeal was allowed under the "substantial right" exception, the Court later stated that the holding in *Nasco* instead rests on the fact that the summary judgment in that case "was, in effect, a final judgment ultimately disposing of all claims of any practical significance in the case." *Industries, Inc. v. Insurance Co., infra,* 296 N.C. at 493, 251 S.E. 2d at 448. *See also, Whalehead Properties v. Coastline Corp.,* 299 N.C. 270, 261 S.E. 2d 899 (1980).

The question was next before our Supreme Court in *Waters v. Personnel, Inc.,* 294 N.C. 200, 240 S.E. 2d 338 (1978), in which

the Court held that we had erred in entertaining and not dismissing the appeal from an order of the trial court setting aside a previous trial court judgment granting summary judgment for the defendant. *Waters* involved only two parties and only one claim. Justice Exum, writing for the Court, held that the order from which the purported appeal was taken was interlocutory, in that it contemplated further proceedings on the summary judgment question at the trial level. The appellate court's failure to review the trial court's action prior to entry of a final judgment was held not to deprive the defendant of any substantial right. Justice Exum explained that our courts have consistently held that denial of a motion for summary judgment is not appealable, and that the trial court's order setting aside summary judgment for defendant was analogous to the denial of summary judgment.

The question was again before our Supreme Court in *Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 251 S.E. 2d 443 (1979), in which the Court upheld an order of this Court dismissing, without opinion, defendant's appeal. The appeal was from an order of the trial court allowing plaintiff's motion for partial summary judgment on the issue of liability, reserving for trial the issue of damages, and denying defendant's motion for summary judgment. From the decisions of our Supreme Court in *Waters* and *Industries* it is evident that an interlocutory judgment or order which does not affect a substantial right of one of the parties or is not otherwise appealable under G.S. 1-277 or G.S. 7A-27 may not be appealed. From these cases it is also apparent that the Court in its most recent decisions is taking a restricted view of the "substantial right" exception, holding that the avoidance of a rehearing or trial is not a "substantial right" entitling a party to an immediate appeal. We believe that the philosophy espoused in those later cases indirectly conflicts with the Court's earlier holding in *Investments v. Housing, Inc., supra,* which we discussed previously. On its face, *Investments* holds that a monetary judgment against the defendants which does not dispose of all of the claims of all of the parties nonetheless affects a substantial right of the defendants sufficient to permit immediate appeal.

[1]    The model set out on page 170 states the correct procedure for determining whether a given case is appealable under our statutes, rules and case law. Where the right to appeal is conferred by statute, i.e., where a substantial right of the parties

would be affected if immediate appeal were not permitted under G.S. 1-277 or G.S. 7A-27, the judgment is appealable whether it is final or interlocutory in nature. Where there is no such statutory right to appeal, the next question is whether the judgment is in effect final as to all of the claims and parties. If so, the judgment is immediately appealable. If not, the next question must be whether the specific action of the trial court from which appeal is taken is final or interlocutory. If the court's action is interlocutory, no appeal will lie whether or not certified for appeal by the trial court. If the action is final as to fewer than all claims or the rights and liabilities of fewer than all parties, but has not been certified for appeal by the trial court under Rule 54(b), no appeal will lie. On the other hand, an appeal from such a final judgment or order will be allowed if it is properly certified under the Rule.

**Leasing Corp. v. Myers**

[2]  From the model it is clear that the vitality of the Rule 54(b) procedure which establishes the trial court as "dispatcher" of cases to the appellate division is largely dependent on how narrowly the statutory exceptions to the Rule are construed. To the extent that judgments are determined by the appellate courts of our State to affect a "substantial right" of one of the litigants under G.S. 1-277 and G.S. 7A-27(d), the procedure for trial court certification established in Rule 54(b) is bypassed and the appellate court is substituted as the true dispatcher of appeals. In this regard the previously discussed *Investments* case creates the apparent anomaly of including all partial summary judgments entered for a monetary sum in the substantial right exception. We note that G.S. 1A-1, Rule 62(g) allows the trial court, after it has ordered a final judgment under the conditions stated in Rule 54(b), to stay enforcement of such a judgment until the entering of a subsequent judgment or judgments and to prescribe such conditions as are necessary to prevent harm that might result to a party if the trial court should decide not to certify a judgment for immediate appeal.

[3]  We are aware that there is dictum in *Oestreicher v. Stores,* 290 N.C. 118, 225 S.E. 2d 797 (1976) to the effect that a trial court's appeal entry constitutes sufficient compliance with the certification requirement of Rule 54(b). However, as clarified by the Supreme Court's later opinion in *Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 251 S.E. 2d 443 (1979), the *Oestreicher* holding rests solely on the substantial right exception, and accordingly the case does not stand for the proposition that there was proper certification under the Rule. Typically, an appeal entry only shows counsel's compliance with various Rules of Appellate Procedure, *e.g.,* that the appeal was duly taken, that the undertaking on appeal required by Appellate Rule 6 was approved by the trial court, or that an extension of time for serving the proposed record on appeal was granted by the court. The act of signing such an appeal entry reflects the trial court's position that the technical requirements for perfecting an appeal have been met. It is not an unequivocal act showing that the trial court has determined that the judgment appealed from is final and that there is no just reason for delay, as required by Rule 54(b). Additionally, Rule 54(b) expressly provides that this determination must be made *in the judgment.* We are accordingly convinced that the

signing of an appeal entry by the trial court cannot, in and of itself, be held to satisfy the affirmative act of certification required by Rule 54(b).

[4]  In the case *sub judice*, however, we believe we are bound by *Investments* to hold that the trial court's entry of summary judgment for a monetary sum against defendant Harold Myers affects a "substantial right" of this defendant. Accordingly, we must treat the judgment as immediately appealable under G.S. 1-277 and G.S. 7A-27.

[5]  We hold that summary judgment was improvidently granted against defendant Harold Myers on the issue of damages. Defendants allege in their amended answer that plaintiff failed to use due diligence to mitigate its damages before and after repossession of the equipment. Since plaintiff's affidavits do not conclusively show that such due diligence was in fact exercised, a material issue of fact remains concerning the sufficiency of plaintiff's attempt to mitigate damages. *Cf., Cotton Mills v. Goldberg*, 202 N.C. 506, 163 S.E. 455 (1932) (seller of goods has duty to exercise reasonable diligence to diminish and minimize loss from buyer's breach of contract by undertaking to dispose of the waste for the best price obtainable under all the circumstances); *cf.*, G.S. 25-2-706 (upon buyer's breach, seller who chooses to resell the goods must do so in good faith and in a commercially reasonable manner to be eligible to recover certain damages).

[6]  That portion of the summary judgment granted against defendant Harold Myers which awards plaintiff attorney's fees must also be reversed. A lease does not constitute evidence of indebtedness within the meaning of G.S. 6-21.2, and attorney's fees may not be allowed, even though they were expressly provided for in the contract. *Systems, Inc. v. Yacht Harbor, Inc.*, 40 N.C. App. 726, 253 S.E. 2d 613 (1979).

As to plaintiff's appeal, dismissed.

As to the summary judgment entered against defendant Harold Myers, reversed.

Judges MARTIN (Robert M.) and ERWIN concur.