LESSIE SIMMONS, PLAINTIFF v. C. W. MYERS TRADING POST, INC., DEFENDANT

No. 8321DC746

(Filed 15 May 1984)

Appeal and Error § 6.2— appeal from dismissal of claim for treble damages interlocutory

Plaintiff's attempted appeal from an order dismissing her claim for treble damages was interlocutory pursuant to G.S. 1-277 and G.S. 1A-1, Rule 54(b). Had plaintiff waited until final judgment had been entered on the verdict, plaintiff could have obtained review of the interlocutory ruling.

APPEAL by plaintiff from *Tanis, Judge.* Judgment entered 21 February 1983 in District Court, FORSYTH County. Heard in the Court of Appeals 1 May 1984.

This is a civil action wherein plaintiff seeks to recover damages for breach of an express warranty in relation to the sale of a mobile home to plaintiff by defendant. Plaintiff also seeks treble damages pursuant to the provisions of N.C. Gen. Stat. Secs. 25A-44(4), 75-1.1, and 75-16.

*Legal Aid Society of Northwest North Carolina, Inc., by Ellen W. Gerber and Kate Mewhinney, for plaintiff, appellant.*

*Herman L. Stephens for defendant, appellee.*

HEDRICK, Judge.

At the close of plaintiff's evidence, the defendant made the following motion:

> Your Honor, pursuant to Rule 50 of the North Carolina Rules of Civil Procedure, I would make a motion for a directed verdict dismissing the plaintiff's claim under G.S. Section 25A-44(4) and Section 25A-2, that claim being for treble damages for a violation of the prohibition in Section 20 of— including any provision or language in the contract—in a contract of—under the retail—that is under the application of retail installment sales account which would exclude, modify, limit or alter the terms of an express warranty. As grounds therefor, my argument would be . . .

The record indicates the trial court ruled on defendant's motion as follows:

> All right, considering North Carolina G.S. 25-2-316, 25A 20 and 25-2202, I rule that, as a matter of law, that there is an express warranty in the contract as stated in the next to the last paragraph in the contract . . . and as to all other implied warranties, they are eliminated by the phrase, leased as is, therefore, the contract does not show as a matter of law any disclaimer of express warranty and is to be considered under 25A 20. Now, where does that leave us.

After the foregoing ruling, the following issues were submitted to and answered by the jury as indicated:

> ISSUE 1: Did the defendant, C. W. Myers Trading Post, Inc., breach the warranty given to plaintiff, Lessie Simmons, to repair the items listed in the contract?
>
> ANSWER: *Yes.*
>
> ISSUE 2: What was the value of the 1969 Fleetwood Trailer at the time it was delivered to the plaintiff?
>
> ANSWER: *$3,500.00.*

ISSUE 3: What was the value of the 1969 Fleetwood Trailer as warranted by the defendant?

ANSWER: *$5,500.00.*

ISSUE 4: What amount, if any, was actually expended by the plaintiff, Lessie Simmons, in repairing the items listed in the contract?

ANSWER: *$75.00.*

On *21 February* 1983 the court entered judgment on the verdict that plaintiff recover of the defendant $655.88. On *14 February* 1983 the plaintiff signed and filed the following notice of appeal:

Plaintiff appeals from the ruling of the Trial Court on February 2, 1983, in open court granting defendant's Motion for Directed Verdict at the close of plaintiff's evidence dismissing plaintiff's claim for relief under the North Carolina Retail Installment Sales Act, §§ 25A-20 and 25A-44 (4).

This the 14 day of February, 1983.

Plaintiff has attempted to appeal from an interlocutory order dismissing her claim for treble damages. Plaintiff has no right of immediate appeal from an interlocutory order. N.C. Gen. Stat. Sec. 1-277 and N.C. Gen. Stat. Sec. 1A-1, Rule 54(b), North Carolina Rules of Civil Procedure. Plaintiff could have obtained review of the interlocutory ruling on appeal from the final judgment, but she has not appealed from the final judgment.

Appeal dismissed.

Judges ARNOLD and PHILLIPS concur.