WILLIE LEE FREEMAN v. RELIANCE INSURANCE COMPANY

GRADY LEE CHAMBLEE AND WIFE, LEVONIA E. CHAMBLEE v. RELIANCE
INSURANCE COMPANY

No. 836SC824

(Filed 5 June 1984)

1. **Appeal and Error § 6.2— partial summary judgment—damages issue left for trial—premature appeal**

     Defendant had no right of immediate appeal from an order of partial summary judgment which determined the issue of liability and left only the question of damages for trial.

2. **Appeal and Error § 6.2— partial summary judgment—determination of plaintiff's rights—right of immediate appeal**

     One plaintiff could appeal from the entry of partial summary judgment which determined all of his rights and eliminated him from further participation in the lawsuit.

3. **Insurance § 129— fire insurance—cancellation by lender which financed premium**

     A fire insurance policy was cancelled as to plaintiff owner at the time of a fire where plaintiff gave the lender which financed the policy premium a power of attorney to cancel the policy for failure of plaintiff to make timely installment payments, and the lender had mailed a cancellation notice to plaintiff and to the insurer prior to the fire.

APPEAL by plaintiff Freeman and defendant from *Barefoot, Judge.* Order entered 22 March 1983 in HERTFORD County Superior Court. Heard in the Court of Appeals 4 May 1984.

In 1981 Freeman owned a motel and restaurant which was subject to a note secured by a deed of trust held by Planters National Bank. In May, 1981, Freeman obtained a fire insurance policy from defendant, covering the motel and restaurant. The policy included a mortgagee clause, naming Planters National Bank as payee. In September, 1981, Planters National Bank assigned the note and deed of trust to plaintiffs Chamblee without

notifying defendant. The property was heavily damaged by fire on 31 December 1981, and the separate actions brought by plaintiffs Freeman and Chamblee against the defendant for recovery under the policy were joined for trial.

Thereafter, the trial court granted defendant's motion for summary judgment against Freeman on the ground that the insurance policy had been cancelled as to Freeman before the fire. The trial court also granted the Chamblees' motion for summary judgment against Freeman on the grounds that the deed of trust and note had been validly assigned to the Chamblees and that they were entitled to payment from defendant under the mortgagee clause of the insurance policy. The trial judge denied defendant's motion for summary judgment against the Chamblees on the ground that the insurance policy remained valid as to the Chamblees since they had not been given notice of the cancellation of the policy. The only issue left remaining for trial after entry of partial summary judgment was the amount of defendant's liability to the Chamblees under the insurance policy. At trial, the judge determined that defendant owed the Chamblees $35,391.03, which represents the unpaid portion of the note, less the sum recovered by the Chamblees after the foreclosure sale of the property. Plaintiff Freeman and defendant appealed from entry of the orders of partial summary judgment of the trial court, entered on 25 April 1983.

*Law firm of Carter W. Jones, by Carter W. Jones, Charles A. Moore and Kevin M. Leahy, for plaintiff Freeman.*

*Cherry, Cherry, Flythe and Overton, by Thomas L. Cherry and Larry S. Overton, for plaintiffs Lee Chamblee and Levonia Chamblee.*

*Battle, Winslow, Scott & Wiley, P.A., by J. B. Scott, for defendant.*

WELLS, Judge.

Orders of the superior court may be classified either as final judgments, which dispose of the cause as to all parties, or interlocutory orders, which are made during the course of the action and dispose of fewer than all issues or parties, *Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377 (1950). The proper means of

appealing from either a final judgment or a nonappealable interlocutory order is by entering an exception to the final judgment in the case. *Id.* If an interlocutory order affects a substantial right of a party, however, an immediate appeal is permitted. *Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E. 2d 240, *appeal dismissed*, 301 N.C. 92 (1980).

[1] In the case at bar, the orders of the trial court denying defendant's motion for summary judgment against the Chamblees and granting the Chamblees' motion for summary judgment against defendant determined the issue of liability and left only the question of damages for trial. Such an order does not affect a substantial right and is therefore not immediately appealable, *Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979). Therefore, defendant Reliance could properly appeal only from the final judgment in the case. *Id.* Because defendant appealed only from the entry of partial summary judgment, its appeal must be dismissed, *Simmons v. C. W. Myers Trading Post, Inc.*, 68 N.C. App. 511, 315 S.E. 2d 75 (1984). (*Compare Steele v. Cincinnati Ins. Co.*, --- Ga. ---, 311 S.E. 2d 470 (1984) adopting the opposite rule in Georgia.)

[2] In contrast, the trial court's orders effectively determined all of plaintiff Freeman's rights and eliminated him from further participation in the lawsuit. The entry of partial summary judgment therefore affected a substantial right of Freeman and was immediately appealable. It appears that Freeman acted properly in appealing from the entry of summary judgment against him, and we turn therefore to consider the merits of his appeal.

It is well established that "[s]ummary judgment is the device whereby judgment is rendered if the pleadings, depositions, interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Johnson v. Insurance Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980). The party moving for summary judgment has the burden of establishing that no genuine issue of material fact remains and that he is entitled to judgment as a matter of law, *Lowe v. Bradford*, 305 N.C. 366, 289 S.E. 2d 363 (1982). The trial court's entry of summary judgment is subject to full review on appeal. *Id.*

[3]   Freeman first contends that the trial court erred by granting defendant's motion for summary judgment against him, on the ground that a genuine issue of material fact remained concerning whether the insurance policy had been cancelled as to Freeman before the fire. The record before us shows unrebutted evidence that Freeman was late in paying several installments due to the company which financed his insurance policy and that letters of cancellation and reinstatement were issued. While the parties stress the importance of different events in their briefs, they do not appear to disagree concerning the existence of the aforementioned transactions. The dispute thus appears to turn upon the legal effect of acknowledged events rather than upon a question of fact.

We turn now to consider the merits of the trial court's legal conclusions based upon the record before us. Reliance issued the insurance policy to Freeman through its agent, Greene-Bryant Insurance Co., providing one year of insurance for $1,565.00. Freeman financed the amount due under the policy through IPBS, Inc. The financing agreement between Freeman and IPBS provided that IPBS would pay $1,565.00 to Reliance at the time the agreement was signed and that Freeman would repay IPBS in nine monthly installments. Under the financing agreement, IPBS was given authority to act as attorney-in-fact for Freeman, including the power to require Reliance to cancel the insurance policy, if payments by Freeman to IPBS were not timely made. The installment payments for September and October 1981 were not paid on time, and IPBS thereafter mailed a notice of cancellation to Greene-Bryant Insurance Company and Freeman. The cancellation notice was received about 10 November 1981, but IPBS reinstated the policy on 30 November 1981, when payment for the September and October premiums was made.

Freeman then failed to remit a timely payment for the installment due on 1 November 1981, and IPBS mailed a cancellation notice to Freeman and Greene-Bryant Insurance Company 10 days later, to become effective 28 November 1981. Freeman contends that the policy was reinstated by IPBS in a letter dated 9 December 1981, and that Freeman paid both the November and December installments. Freeman has failed to include the IPBS letter of 9 December 1981 in the record, however, and we are therefore unable to determine the legal effect of its contents.

Based on the evidence in the record, we hold that the policy had been cancelled as to Freeman at the time of the fire on 31 December 1981. IPBS possessed a valid power of attorney from Freeman and had the authority thereunder to cancel the insurance policy for failure by Freeman to make timely installment payments. We conclude, therefore, that no material issue of fact remained for trial and that entry of summary judgment against Freeman, in favor of defendant was proper as a matter of law.

Freeman next contends that the trial court erred in granting the plaintiffs Chamblees' motion for summary judgment against him, on the ground that a genuine issue of material fact remained concerning whether the Chamblees were entitled to collect under the mortgagee clause of the insurance policy. Our examination of the record in this case fails to disclose that Freeman has filed any claims against the Chamblees, or has in any way become a proper party to the lawsuit between the Chamblees and defendant. Because Freeman had made no claims against the Chamblees, there was no request for relief upon which the entry of the order of summary judgment could operate. The order was therefore a legal nullity.

Affirmed in part and vacated in part.

Judges BECTON and JOHNSON concur.