DONNELLY v. GUILFORD COUNTY

[107 N.C. App. 289 (1992)]

JOHN DONNELLY, JR., Plaintiff/Appellee v. GUILFORD COUNTY, JOHN V. WITHERSPOON, and LOUIS BECHTEL, Defendants/Appellants

No. 9018SC1331

(Filed 18 August 1992)

**Appeal and Error § 91 (NCI4th) — employment termination — jury verdict on two issues — appeal interlocutory**

An appeal from a jury verdict in an action arising from the termination of a social worker was interlocutory and was dismissed where no substantial right would be affected if immediate appeal was not permitted in that the jury awarded plaintiff one dollar in damages, so that plaintiff has no statutory right to appeal pursuant to N.C.G.S. §§ 1-277 or 7A-27; the trial judgment is not final as to all claims in that plaintiff alleged violations of his state and federal constitutional rights and prayed for a preliminary injunction and equitable relief including reinstatement, promotion, compensatory pay, compensatory and punitive damages, and attorney's fees, and the jury addressed only the issues of whether plaintiff had waived his right to a post-termination hearing and the amount of monetary damages to which he was entitled; and, since the judgment on the verdict did not resolve all of the claims, the appeal from that judgment and from the order denying defendants' motion for judgment n.o.v. is interlocutory. N.C.G.S. § 1A-1, Rule 54(b).

**Am Jur 2d, Appeal and Error § 62.**

APPEAL by defendants from Judgment entered 6 November 1990 by *Judge Harold R. Greeson, Jr.* in GUILFORD County Superior Court. Heard in the Court of Appeals 24 September 1991.

*Elliot & Pishko, P.A., by Robert M. Elliot, for plaintiff appellee.*

*Guilford County Attorney's Office, by Deputy County Attorneys J. Edwin Pons and Gregory L. Gorham, for defendant appellants.*

COZORT, Judge.

Plaintiff was employed as a social worker with the Guilford County Department of Social Services (Guilford County DSS) from November 1972 to August 1987. On 7 July 1987, plaintiff was placed

on administrative leave for alleged insubordination and disruption of work. The director of the Guilford County DSS met with plaintiff on 3 August 1987, at which time plaintiff was confronted with the charges against him and permitted the opportunity to reply. The director of DSS sent plaintiff a letter terminating his employment as of 14 August 1987. Pursuant to the Guilford County Personnel Regulations, plaintiff filed notice of his intent to contest the termination decision within the appropriate time limit. On 31 August 1987, plaintiff retained an attorney who sent a letter to the County Attorney requesting a copy of the grievance procedure, documents from plaintiff's personnel file, and agreeing to discuss a date for the hearing. On 18 September, after returning from an extended out-of-town stay, plaintiff discovered one letter informing him that he would forfeit his right to appeal if he did not respond by "Wednesday, September 9 at 5:00" and one letter informing him that his right to appeal had been waived and his termination was final. Plaintiff retained new counsel who informed the County Attorney that plaintiff had not received either of the letters and requested a copy of the grievance procedure and informal discovery before the hearing. Plaintiff did not receive a response from the County and did not receive a post-termination hearing.

On 8 December 1988, plaintiff brought suit against defendants alleging violations of state and federal constitutional rights, defamation, and intentional infliction of emotional harm, and praying for relief of preliminary injunction, equitable relief, including, but not limited to, reinstatement, promotion, and compensatory pay, compensatory and punitive damages, and attorneys' fees. Prior to trial, plaintiff filed a voluntary dismissal of the defamation and intentional distress claims against all defendants. Beginning 25 April 1990, the case was tried before a jury. Two issues were submitted to the jury: (1) whether plaintiff waived his constitutional rights to a post-termination hearing, and (2) the amount of damages plaintiff was entitled to recover. Defendants appeal from judgment on the jury verdict awarding the plaintiff $1.00 nominal damages and the order of the trial court denying defendants' Motion for Judgment Notwithstanding the Verdict. We dismiss the appeal.

If there is no right to appeal, an appellate court has the duty of dismissing the appeal on its own motion. *Waters v. Personnel, Inc.*, 294 N.C. 200, 201, 240 S.E.2d 338, 340 (1978). A party has a right to appeal from a final judgment "which disposes of the cause as to all the parties, leaving nothing to be judicially deter-

mined between them in the trial court." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). *See also* N.C. Gen. Stat. § 7A-27 (1989). A party may appeal from an interlocutory judgment, "one made during the pendency of an action, which does not dispose of the case," *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381, only in limited circumstances.

There are three statutory provisions permitting appeal of interlocutory judgments: N.C. Gen. Stat. § 1-277 (1983), § 7A-27(d) (1989), and N.C. Gen. Stat. § 1A-1, Rule 54(b) (1990). Rule 54(b) provides in pertinent part:

> *Judgment upon multiple claims or involving multiple parties.—* When more than one claim for relief is presented in an action, . . . the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes.

*Id.*

N.C. Gen. Stat. § 1-277, entitled "Appeal from superior or district court judge," and N.C. Gen. Stat. § 7A-27, entitled "Appeals of right from the courts of the trial divisions," contain in pertinent part virtually the same language. Section 1-277(a) provides:

> An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, . . . which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial.

In *Equitable Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E.2d 240 (1980), we approved the following method of analysis to determine whether a case is appealable:

> Where the right to appeal is conferred by statute, *i.e.*, where a substantial right of the parties would be affected if immediate appeal were not permitted under G.S. 1-277 or G.S. 7A-27, the judgment is appealable whether it is final or interlocutory in nature. Where there is no such statutory right to appeal, the next question is whether the judgment is in effect final as to all of the claims and parties. If so, the judgment is immediately appealable. If not, the next question must be whether the specific action of the trial court from which appeal is taken is final or interlocutory. If the court's action is interlocutory, no appeal will lie whether or not certified for appeal by the trial court. If the action is final as to fewer than all claims or the rights and liabilities of fewer than all parties, but has not been certified for appeal by the trial court under Rule 54(b), no appeal will lie. On the other hand, an appeal from such a final judgment or order will be allowed if it is properly certified under the Rule.

*Id.* at 168-69, 265 S.E.2d at 245, *appeal dismissed*, 301 N.C. 92 (1980). Applying this analysis to the case at bar, we find that the appeal is not properly before us.

First, we must determine whether a substantial right would be affected if immediate appeal is not permitted. In determining whether a substantial right is affected "a two-part test has developed—the right itself must be substantial and the deprivation of that substantial right must potentially work injury to plaintiff if not corrected before appeal from final judgment." *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990). The jury awarded plaintiff $1.00 nominal damages. Although a money judgment may involve a substantial right, *see Wachovia Realty Investments v. Housing, Inc.*, 292 N.C. 93, 232 S.E.2d 667 (1977), we do not find that payment of the $1.00 will "potentially work injury to plaintiff if not corrected before appeal from the final judgment." Therefore, plaintiff does not have a statutory right to appeal pursuant to N.C. Gen. Stat. §§ 1-277 or 7A-27.

Second, we must determine whether the appeal is in effect final as to all of the claims and parties. Here, plaintiff alleged violations of his state and federal constitutional rights and prayed

for relief of preliminary injunction, equitable relief, including reinstatement, promotion and compensatory pay, compensatory and punitive damages, and attorneys' fees. The jury addressed only two issues—whether plaintiff waived his right to a post-termination hearing and the amount of money damages plaintiff was entitled to recover. The issues of preliminary injunction, reinstatement, promotion, compensatory pay, and attorneys' fees remain unresolved. The judgment is not in effect final as to all the claims.

Third, we must determine whether the specific action of the trial court from which appeal is taken is final or interlocutory. Defendants appeal from the judgment on the jury verdict and from the order denying defendants' Motion for Judgment Notwithstanding the Verdict. Since the judgment on the jury verdict did not resolve all the claims, the appeal is interlocutory. Therefore, no appeal will lie.

For all the above reasons, defendants' appeal must be

Dismissed.

Judges ARNOLD and LEWIS concur.