COASTAL READY-MIX CONCRETE CO., INC., ALFRED McCOY TILLETT AND ST. CLAIR TILLETT, PETITIONERS v. NORTH CAROLINA COASTAL RESOURCES COMMISSION, RESPONDENT

No. 931SC976

(Filed 16 August 1994)

**Appeal and Error § 87 (NCI4th)— interlocutory appeal—no substantial right affected**

Respondent North Carolina Coastal Resources Commission could not appeal from orders of the trial court reserving for another proceeding the issue of whether the Commission's designation of petitioners' property as a portion of the Jockey's Ridge Area of Environmental Concern constituted a taking, since those orders did not dispose of the entire case and were therefore interlocutory; there was no substantial right involved which would be prejudiced absent immediate appeal; the Commission had no right to appeal from the portion of the order affirming the denial

COASTAL READY-MIX CONCRETE CO. v. N.C. COASTAL RESOURCES COMM.

[116 N.C. App. 119 (1994)]

of petitioners' permit to mine in the area, as this was the relief which the Commission sought; and appeal from that portion of the order which held that no findings of the Commission would be binding at a jury trial on the "takings" issue was not necessary to avoid relitigation of factual issues pertaining to the "takings" issue which were determined by the Commission in its final decision, as the Commission concluded in its final decision that the takings issue was not properly before it.

**Am Jur 2d, Appeal and Error §§ 47 et seq.**

Appeal by defendant from orders entered 21 June 1993 by Judge Gary E. Trawick in Dare County Superior Court. Heard in the Court of Appeals 12 May 1994.

At all times relevant to this action, petitioners owned real property located in the Town of Nags Head abutting the south side of Jockey's Ridge State Park, the tallest active sand dune on the Atlantic coast. Between 5 March 1985 and February 1988, petitioners used their land for mining sand to manufacture concrete and to use as fill material on residential lots. In January 1988, the North Carolina Coastal Resources Commission (the "Commission") designated Jockey's Ridge as "a unique coastal geological formation Area of Environmental Concern" ("AEC") pursuant to N.C. Gen. Stat. § 113A-113(b)(4)(g) and adopted guidelines for development within the Jockey's Ridge AEC, which included restrictions on the removal of sand.

Subsequently, the Jockey's Ridge AEC encompassed petitioners' property. On 22 August 1991, petitioners applied to the Town of Nags Head for a minor development permit pursuant to the provisions of the Coastal Area Management Act ("CAMA"), N.C. Gen. Stat. § 113A-100, to -134.9, to use this property for the purpose of mining sand to manufacture concrete for petitioners' business, which application the Town denied. Thereafter, petitioners filed a petition for a contested case hearing with the Office of Administrative Hearings.

The Administrative Law Judge ("ALJ") entered a recommended decision finding that the designation of petitioners' property as a portion of the AEC constituted a taking and recommending that the North Carolina Department of Environment, Health and Natural Resources Division of Coastal Management enter a final decision that "the Jockey's Ridge State Park Area of Environmental Concern does not apply to" petitioners' property.

COASTAL READY-MIX CONCRETE CO. v. N.C. COASTAL RESOURCES COMM.

[116 N.C. App. 119 (1994)]

Thereafter, the Commission conducted a hearing pursuant to N.C. Gen. Stat. § 150B-36. On 18 February 1993, the Commission entered an order declining to adopt the ALJ's recommended decision because the ALJ's decision "failed to address the issue of whether petitioners' permit application was properly denied under coastal management statutes and rules" and denying petitioners' request for a CAMA minor development permit.

Petitioners filed a complaint against the Respondent North Carolina Coastal Resources Commission (in order to distinguish between the Commission's actions of entering decisions in this action and the Commission's actions as respondent, we will refer to respondent as "CRC") in Dare County Superior Court seeking judicial review of the Commission's decision to deny petitioners' request for a CAMA permit to mine sand and alleging a taking of property without compensation pursuant to N.C. Gen. Stat. § 113A-123(b). On 26 April 1993, Respondent CRC filed a motion for a continuance of the jury trial on the takings issues in petitioners' complaint until after the court determined the issues raised on judicial review from the final decision of the CRC. Thereafter, on 30 April 1993, CRC filed a motion for summary judgment on the issue of whether the Commission's denial of petitioners' permit was a taking.

On 21 June 1993, Judge Gary E. Trawick entered an order denying CRC's motion for summary judgment on the "takings" issue. Additionally, on this same date, Judge Trawick entered an order affirming the Commission's denial of petitioners' application for a permit and transferring to the Dare County Superior Court trial docket the issue of whether "the application of the Jockey's Ridge State Park Area of Environmental Concern to [p]etitioners' property constitutes a 'taking.' " From these orders, Respondent CRC appeals.

*Aycock, Spence & Butler, by W. Mark Spence, for plaintiffs/ petitioner-appellees.*

*Attorney General Michael F. Easley, by Assistant Attorney General Robin W. Smith, for defendant/respondent-appellant.*

ORR, Judge.

Respondent appeals from two orders, bringing forward three assignments of error. Because we find that both of the orders from which respondent appeals are interlocutory and because we find that respondent does not have the right to an immediate appeal from these

COASTAL READY-MIX CONCRETE CO. v. N.C. COASTAL RESOURCES COMM.

[116 N.C. App. 119 (1994)]

orders, we need not address respondent's assignments of error. Accordingly, we dismiss respondent's appeals.

Both orders from which Respondent CRC appeals reserve the "takings" issue for another proceeding. Thus, these orders do not dispose of the entire case, and are, therefore, interlocutory. *See Donnelly v. Guilford County*, 107 N.C. App. 289, 291, 419 S.E.2d 365, 366 (1992) (citation omitted); *See also Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978) ("An order is interlocutory 'if it does not determine the issues but directs some further proceeding preliminary to final decree.'") (citation omitted).

Further, the trial court did not certify that there existed no just reason to delay the appeal as required by N.C.R. Civ. P. 54(b); CRC is not, therefore, entitled to immediately appeal from these orders unless the orders deprive CRC "of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Southern Uniform Rentals, Inc. v. Iowa Nat'l Mut. Ins. Co.*, 90 N.C. App. 738, 740, 370 S.E.2d 76, 78 (1988); N.C. Gen. Stat. § 1-277; *See Liggett Group, Inc. v. Sunas*, 113 N.C. App. 19, 23-24, 437 S.E.2d 674, 677 (1993).

Essentially a two-part test has developed to determine whether an interlocutory order affects a substantial right—"the right itself must be substantial and the deprivation of that substantial right must potentially work injury to [the appellant] if not corrected before appeal from final judgment." *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990). This test "is more easily stated than applied," and in determining whether interlocutory orders are appealable, the court "must consider the particular facts of each case and the procedural history of the order from which an appeal is sought." *Travco Hotels, Inc. v. Piedmont Natural Gas Co., Inc.*, 332 N.C. 288, 292, 420 S.E.2d 426, 428 (1992) (citations omitted).

First, we will address whether CRC had the right to immediately appeal the trial court's denial of its motion for summary judgment on the "takings" issue.

Ordinarily, the denial of a motion for summary judgment does not affect a substantial right so that an appeal may be taken. . . . [I]n case a substantial right is thought to be affected to the prejudice of the movant, then a petition for a writ of *certiorari* is available. To allow an appeal from a denial of a motion for summary judg-

COASTAL READY-MIX CONCRETE CO. v. N.C. COASTAL RESOURCES COMM.

[116 N.C. App. 119 (1994)]

ment would open the flood gate of fragmentary appeals and cause a delay in administering justice.

*Motyka v. Nappier*, 9 N.C. App. 579, 582, 176 S.E.2d 858, 859 (1970); *See also Hill v. Smith*, 38 N.C. App. 625, 626, 248 S.E.2d 455, 456 (1978) ("Generally, orders denying motions for summary judgment are not appealable.")

In the present case, the record does not reveal that a substantial right is involved that would be prejudiced absent immediate appeal. Accordingly, we hold that CRC's appeal from the denial of its summary judgment motion should be dismissed. *See Equitable Leasing Corp. v. Myers*, 46 N.C. App. 162, 164, 265 S.E.2d 240, 242, *disc. review allowed, appeal dismissed*, 301 N.C. 92 (1980).

Next, we address CRC's appeal from the order affirming the denial of petitioners' application for a mining permit and transferring the "takings" issue to the Dare County Superior Court trial docket. At the outset we note that CRC does not have the right to appeal from the portion of the order affirming the denial of petitioners' permit, as this was the relief which CRC sought, and "[o]nly the party aggrieved by a judgment may appeal." *Carawan v. Tate*, 304 N.C. 696, 700, 286 S.E.2d 99, 101 (1982) (citation omitted).

CRC appeals, however, from the portion of the order in which the trial court held, "No findings contained within the order of the North Carolina Coastal Resources Commission referenced above shall be binding on [p]etitioner at said jury trial." Further, CRC contends that it is entitled to an immediate appeal from this portion of the order to avoid the relitigation of factual issues pertaining to the "takings" issue which were determined by the Commission in its final decision. We disagree.

"We agree that 'the right to avoid the possibility of two trials *on the same issues* can be . . . a substantial right.' " *Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982) (emphasis in original). Such is not, however, the case here. In the present case, the Commission concluded in its final order that the takings issue was not properly before it and limited its decision to the issue of whether the denial of petitioners' application for a CAMA minor development permit was proper. The sole issue left to be tried, as stated by the trial court, however, is whether "the application of the Jockey's Ridge State Park Area of Environmental Concern to [p]etitioners' property constitutes a 'taking.' " Thus we do not agree with CRC's contention.

Further, our review of this appeal shows no substantial right that CRC will lose absent the right to an immediate appeal. CRC may preserve its right to appeal from the trial court's order in this case following entry of a final judgment upon proper exception. Accordingly, we dismiss CRC's appeal from the trial court's second order.

Dismissed.

Judges COZORT and MARTIN concur.